UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECEIPT #_____
AMOUNT $_____ 150 =
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____ 5-19-04

| | |
|---|---|
| WALTER S. PREBLE, ) | |
| ) | |
| Plaintiff, ) | C.A. No. |
| ) | |
| v. ) | |
| ) | **04 - 11005 RWZ** |
| TRANSPORTATION DISPLAYS, ) | |
| INCORPORATED, dba ) | |
| VIACOM OUTDOOR, and ) | |
| PAINTERS AND ALLIED ) | MAGISTRATE JUDGE _Cohen_ |
| TRADES DISTRICT COUNCIL 35, ) | |
| IUPAT, AFL-CIO, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1441 and §1446,

Defendant Painters and Allied Trades District Council No. 35 ("District Council"), files

this Petition for Removal of the above-captioned action from the Superior Court for the

Commonwealth of Massachusetts in Suffolk County, Case Number 04-1466 B, and as

grounds therefore states as follows:

1.  On or about April 22, 2004, an action was commenced against Petitioner

    District Council in the Superior Court for the Commonwealth of

    Massachusetts in Suffolk County, Case No. 04-1466 B, titled "Walter S.

    Preble v. Transportation Displays, Incorporated, dba Viacom Outdoor, and

    Painters and Allied Trades, District Council 35, IUPAT, AFL-CIO," by

    service on Petitioner of a Summons and Complaint, a copy of which is

    attached hereto as Exhibit A.

2.    This Notice of Removal is filed within thirty (30) days after service of the Summons and Complaint on the Defendant.

3.    The above-described action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. §1331 and §1337, and is one which may be removed to this Court by the Petitioner, Defendant herein, pursuant to the provisions of 28 U.S.C. §1441, in that the action arises under the laws of the United States under a law regulating commerce, and seeks relief against a labor organization.

4.    The District Council is a labor organization within the meaning of 29 U.S.C. § 185 of the Labor Management Relations Act, and is the duly authorized collective bargaining representative, pursuant to 29 U.S.C. § 152, et seq., of the employees of the "transit advertising operation" of Transportation Displays, Incorporated, d/b/a Viacom Outdoor ("Transportation Displays"). The District Council maintains its principal office in Roslindale, Massachusetts.

5.    Plaintiff Walter S. Preble was an employee of Transportation Displays.

6.    On or about December 12, 2001, Transportation Displays discharged the Plaintiff from his employment.

7.    The District Council filed a grievance with Transportation Displays on December 13, 2001 over the decision to discharge the Plaintiff.

8.    The District Council, after investigating the grievance, informed the Plaintiff on January 2, 2002, and again on February 12, 2002, that the District Council would not pursue the Plaintiff's grievance to arbitration.

9.   Plaintiff alleges in his Complaint that Defendant Transportation Displays, Incorporated discriminated against him on the basis of age and disability when it discharged him, and that Defendant District Council violated Massachusetts General Laws c. 151B, §4 by discriminating against the Plaintiff on account of unlawful age discrimination; M.G.L. c. 151B, §4.2 and §4.6 by discriminating against the Plaintiff on account of disability; and M.G.L. c. 151B, §4.4A for unlawful retaliation with respect to the District Council's refusal to process Plaintiff's grievance to arbitration.

10.  As the charges of age discrimination, disability discrimination, and retaliation are all based upon the District Council's actions with respect to its handling of the Plaintiff's grievance over his discharge, Plaintiff's complaint amounts to a charge that the District Council breached its duty of fair representation. Accordingly, as Plaintiff also asserts that Transportation Displays, Incorporated breached the collective bargaining agreement when it discharged him, Plaintiff asserts a "hybrid" claim governed by §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

11.  Section 301 of the LMRA, 29 U.S.C. §185, confers federal jurisdiction over "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." This action is therefore of a civil nature of which the District Courts of the United States have original jurisdiction under 29 U.S.C. §1337. *See Avco Corp. v. Aero Lodge No. 735, Int'l. Ass'n. of Machinists and Aerospace Workers*, 390 U.S. 557 (1968) (where the Supreme Court found that an action arising under §301

3

is properly removed to the United States District Court pursuant to 28 U.S.C. §1441.).

12. In the alternative, Plaintiff's claim amounts to a breach of the duty of fair representation pursuant to Section 9(A) of the National Labor Relations Act, 29 U.S.C. §159(a). "[Duty of fair representation] preemption operates in much the same fashion as Section 301 preemption." *BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America*, 132 F.3d 824, 830 (1st Cir. 1997). A complaint that alleges a duty of fair representation claim alleges a breach by the Union of a duty grounded in federal statutes and is therefore governed by federal law. *Id.* Thus, "state law is preempted whenever a plaintiff's claim invokes rights derived from a union's duty of fair representation." *Id.*

13. The fact that Plaintiff couches his allegations solely in terms of state law does not change the essence of Plaintiff's claim- namely, that the District Council breached its duty of fair representation with respect to the manner in which it handled his grievance regarding his discharge. "Because federal law completely governs the duties owed by an exclusive collective bargaining representative to those within the bargaining unit . . . a district court possesses federal question jurisdiction when a complaint, though garbed in state-law raiment, sufficiently asserts a claim implicating the duty of fair representation." *BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America*, 132 F.3d 824, 830 (1st Cir. 1997) (explaining the "artful pleading rule"). See also: *Sousa v. The Stop & Shop*

*Supermarket Company,* 1999 U.S. Dist. LEXIS 9367 (D.Mass. April 16, 1999) (In denying motion to remand the case to state court following removal by the union, the Court found that although Sousa's complaint "attempts to cast his claim against [the union] as one arising under the Massachusetts anti-discrimination statute, the complaint in substance asserts a failure by [the union] to fulfill an obligation it assumed under the collective bargaining agreement," and therefore "such a claim is a 'colorable federal question within a field in which state law is completely preempted.'").

WHEREFORE, Petitioner respectfully requests that the above action now pending against it be removed from the Superior Court for Suffolk County to the United States District Court for the District of Massachusetts.

Respectfully submitted,

Michael A. Feinberg (BBO # 161400)
Jonathan M. Conti (BBO # 657163)
FEINBERG, CAMPBELL & ZACK, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976

Dated this 17th day of May, 2004.