UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WALTER S. PREBLE,<br><br>Plaintiff,<br><br>v.<br><br>TRANSPORTATION DISPLAYS,<br>INCORPORATED, dba<br>VIACOM OUTDOOR, and<br>PAINTERS AND ALLIED<br>TRADES DISTRICT COUNCIL 35,<br>IUPAT, AFL-CIO,<br><br>Defendants. | C.A. No. 04-11005 RWZ |

## ANSWER

The Defendant, Painters and Allied Trades District Council No. 35 ("District Council") hereby responds to the Complaint filed against it by Walter S. Preble, as follows:

1. Defendant District Council admits the allegations contained in paragraph 1 of the Complaint.

2. Defendant District Council admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant District Council admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant District Council admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant District Council admits that Plaintiff is a 48-year-old male. Defendant is without sufficient information to form a belief as to the other allegations contained in paragraph 5 of the Complaint.

6. Defendant District Council admits the allegation contained in paragraph 6 of the Complaint.

7. Defendant District Council admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant District Council is without sufficient information to form a belief as to the allegations contained in paragraph 8 of the Complaint.

9. Defendant District Council admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant District Council admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant District Council admits the allegations contained in paragraph 11 of the Complaint.

12. Defendant District Council is without sufficient information to form a belief as to the allegations contained in paragraph 12 of the Complaint.

13. Defendant District Council is without sufficient information to form a belief as to the allegations contained in paragraph 13 of the Complaint.

14. Defendant District Council is without sufficient information to form a belief as to the allegations contained in paragraph 14 of the Complaint.

15. Defendant District Council is without sufficient information to form a belief as to the allegations contained in paragraph 15 of the Complaint.

16. Defendant District Council is without sufficient information to form a belief as to the allegations contained in paragraph 16 of the Complaint.

17. Defendant District Council denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant District Council admits the allegations contained in paragraph 18 of the Complaint.

19. Defendant District Council denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant District Council denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant District Council admits the allegations contained in paragraph 21 of the Complaint.

22. Defendant District Council is without sufficient information to form a belief as to the allegations contained in paragraph 22 of the Complaint.

23. Defendant District Council is without sufficient information to form a belief as to the allegations contained in paragraph 23 of the Complaint.

24. Defendant District Council is without sufficient information to form a belief as to the allegations contained in paragraph 24 of the Complaint.

25. Defendant District Council is without sufficient information to form a belief as to the allegations contained in paragraph 25 of the Complaint.

26. Defendant District Council is without sufficient information to form a belief as to the allegations contained in paragraph 26 of the Complaint.

27. Defendant District Council admits only that Plaintiff drove to his house at 589 East Fifth Street in South Boston. Defendant District Council is without sufficient information to form a belief as to the other allegations contained in paragraph 27.

28. Defendant District Council admits only that Plaintiff was involved in a traffic incident after he left his house. Defendant District Council is without sufficient information to form a belief as to the other allegations contained in paragraph 28.

29. Defendant District Council admits the allegations contained in paragraph 29. Further asserting, Defendant District Council affirmatively states that Plaintiff did not inform his employer of the accident until the day after the accident occurred.

30. Defendant District Council admits only that Plaintiff was discharged by his employer for the unauthorized use of a company vehicle. Defendant District Council denies the other allegations contained in paragraph 30 of the Complaint.

31. Defendant District Council admits only that it filed a grievance on behalf of the Plaintiff. Defendant District Council denies the other allegations contained in paragraph 31 of the Complaint.

32. Defendant District Council denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant District Council denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant District Council admits the allegations contained in paragraph 34 of the Complaint.

35. Defendant District Council admits only that Plaintiff filed charges on the basis of age, disability, and unlawful retaliation. Stating further, Defendant affirmatively asserts that the Plaintiff filed the charges with the Massachusetts Commission Against Discrimination on or about May 17, 2002.

36. Defendant District Council denies that the charges were "removed." Stating further, Defendant affirmatively asserts that Plaintiff's charges before the MCAD were withdrawn by Plaintiff's counsel in order to pursue the matter as a private right of action in civil court.

37. No response is required.

38. Defendant District Council denies the allegations contained in paragraph 38 of the Complaint.

39. No response is required.

40. Defendant District Council denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant District Council denies the allegations contained in paragraph 41 of the Complaint.

42. No response is required.

43. Defendant District Council denies the allegations contained in paragraph 43 of the Complaint.

44. No response is required.

45. Defendant District Council admits that Plaintiff has reproduced the language of M.G.L. c. 151B, §4.4A in paragraph 45 of the Complaint.

46. Defendant District Council denies the allegations contained in paragraph 46 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are preempted by federal law.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by the appropriate statute of limitations.

Dated this 20th day of May 2004.

Respectfully submitted,

Michael A. Feinberg (BBO No. 161400)
Jonathan M. Conti (BBO No. 657163)
FEINBERG, CAMPBELL & ZACK, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976

Attorneys for Defendant Painters and Allied Trades District Council No. 35

## Certificate Of Service

I, Jonathan M. Conti, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to Paul L. Nevins, Esq., 47 Church Street, Wellesley, MA 02482.

Date: May 20, 2004

Jonathan M. Conti