UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WALTER S. PREBLE,<br><br>                    Plaintiff,<br><br>v.<br><br>TRANSPORTATION DISPLAYS, INC. d/b/a<br>VIACOM OUTDOOR,<br><br>                    Defendants. | CIVIL ACTION<br>NO. 04-CV-11005-RWZ |

**ANSWER OF DEFENDANT TRANSPORTATION DISPLAYS, INC.**

Defendant Transportation Displays, Inc. hereby answers the Complaint as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and therefore denies them.

2. Admitted.

3. Denied, except to admit that defendant has a place of business at the address alleged. Defendant's principal place of business is in Phoenix, Arizona.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and therefore denies them.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, and therefore denies them, except to admit that the plaintiff is a 48 year old male.

6. Admitted.

7. Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 7 of the Complaint, and therefore denies them, except to admit that plaintiff's seniority date was June 16, 1977.

8.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and therefore denies them.

9.  Admitted.

10. Admitted.

11. Defendant denies the allegations of Paragraph 11 except to admit that the installation of advertising is among the duties and responsibilities of journeymen employed by the defendant.

12. In response to the allegations of Paragraph 12, defendant states that since the referenced acquisition it has hired employees both younger and older than the plaintiff.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and therefore denies them.

14. Denied.

15. Denied, except to admit that on one hot summer day Mr. McLean told the plaintiff to take it easy, to drink Gatorade, and to pay attention as plaintiff worked during the day.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and therefore denies them.

17. Denied.

18. Admitted. Further answering, defendant states that after several incidents related to plaintiff's driving in 2000, plaintiff was suspended in 2001 after an MBTA employee reported that plaintiff had cut him off in traffic, followed the

MBTA employee to his home and threatened the MBTA employee.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint, and therefore denies them.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint, and therefore denies them, except to admit that no grievance was filed concerning the suspension.

21. Admitted.

22. Admitted.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint, and therefore denies them, except to admit that plaintiff began work at the Bartlett Garage on Dudley Street.

24. Admitted.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint, and therefore denies them.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint, and therefore denies them.

27. In response to the allegations of Paragraph 27, defendant admits that plaintiff drove off-route to his house; defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's intent in doing so, and therefore denies them.

28. Defendant admits that plaintiff struck another car on December 11, 2001, but denies the remaining allegations of Paragraph 28.

29. Admitted, except that plaintiff did not report the incident on December

11, 2001 when he returned to the shop, as Paragraph 29 implies.

30. Denied, except to admit that the plaintiff's employment was terminated.

31. Denied, except that defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the immediate filing of a grievance with the Union, and therefore denies them.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint, and therefore denies them.

33. Paragraph 33 contains a characterization of the Union's conduct to which no response is required; to the extent an answer may be deemed required, defendant denies the allegations of Paragraph 33.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint, and therefore denies them, except to admit that no arbitration was held of any grievance.

35. Paragraph 35 contains conclusions of law to which no response is required; to the extent an answer may be deemed required, defendant denies those allegations, except to admit that plaintiff filed a charge of discrimination with the Massachusetts Commission Against Discrimination ("MCAD").

36. In response to the allegations of Paragraph 36, defendant admits that plaintiff withdrew his charge from the MCAD and filed an action in Massachusetts Superior Court.

37. In response to the allegations of Paragraph 37, defendant incorporates by reference its responses to the preceding paragraphs.

38. Denied.

39. In response to the allegations of Paragraph 39, defendant incorporates by reference its responses to the preceding paragraphs.

40. Denied.

41. Denied.

42. In response to the allegations of Paragraph 42, defendant incorporates by reference its responses to the preceding paragraphs.

43. Denied.

44. In response to the allegations of Paragraph 44, defendant incorporates by reference its responses to the preceding paragraphs.

45. Paragraph 45 contains conclusions of law to which no response is required.

46. Denied.

The remainder of the Complaint constitutes plaintiff's prayer for relief, to which no response is required. Defendant specifically denies that plaintiff is entitled to any relief whatsoever.

Defendant specifically denies any allegations not otherwise answered above.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim as to which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

If plaintiff suffered any injury, which defendant denies, that injury is the result of plaintiff's own acts or omissions.

### THIRD AFFIRMATIVE DEFENSE

Defendant terminated plaintiff's employment for legitimate, nondiscriminatory reasons.

### FOURTH AFFIRMATIVE DEFENSE

Defendant terminated plaintiff for just cause.

### FIFTH AFFIRMATIVE DEFENSE

If plaintiff suffered any injury, which defendant denies, plaintiff's recovery is barred by his failure to mitigate his damages.

Respectfully submitted,

**TRANSPORTATION DISPLAYS, INC., d/b/a VIACOM OUTDOOR, INC.**,

By its attorneys,

_____
Mark W. Batten, BBO #566211
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110-1726
(617) 951-8000

Dated: May 26, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served on all counsel of record by first-class mail, postage prepaid, this 26th day of May, 2004.

_____
Mark W. Batten

- 6 -