UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WALTER S. PREBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 04-11005-RWZ |
| | ) | |
| TRANSPORTATION DISPLAYS, INC., | ) | |
| d/b/a VIACOM OUTDOOR, INC., | ) | |
| and PAINTERS AND ALLIED TRADES | ) | |
| DISTRICT COUNCIL 35, IUPAT, | ) | |
| AFL-CIO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT TDI'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant Transportation Displays, Inc., d/b/a Viacom Outdoor, Inc. ("TDI")
respectfully opposes plaintiff's motion to remand this matter to state court. Removal was
proper, and did not require written consent from TDI.

## BACKGROUND

This case presents two independent claims against two defendants. The plaintiff,
Walter Preble, was an employee of TDI who was terminated after a series of incidents
involving his unauthorized and erratic use of TDI's motor vehicles. Preble filed a claim
with the Massachusetts Commission Against Discrimination ("MCAD") against both his
employer, TDI, and his union, the Painters and Allied Trades District Council 35 (the
"Union"). He withdrew the claim from the MCAD and filed a complaint in

1

Massachusetts Superior Court on April 7, 2004. The Union filed a notice of removal on

May 18, 2004.

## ARGUMENT

Plaintiff seeks a remand on two grounds: that the petition for removal was filed

only by the Union, and was not joined by TDI; and that plaintiff asserted no claims

implicating federal question jurisdiction under 28 U.S.C. §1331. Neither contention has

merit, and the plaintiff's motion should be denied.

### 1.     No Consent Of TDI Was Required To Remove.

Ordinarily, all defendants must either join in a petition for removal or submit

written notice of their consent to the removal. Plaintiff relies on this general rule. But

there is a well-established exception to the "unanimity rule" where a separate and

independent claim removable under 28 U.S.C. §1441(c) is joined with non-removable

claims against other defendants.[1] In such a case, the defendant against whom the

removable claim is asserted may remove without the consent of defendants who are sued

only on non-removable claims. That is the situation here, and removal accordingly was

proper.

Thus, for example, in *Hill v. City of Boston*, 706 F. Supp. 966 (D. Mass. 1989),

the estate of a deceased prisoner brought suit in state court against the City of Boston and

several individual officers. One officer removed the case based on a federal civil rights

---

[1] 28 U.S.C. §1441(c) provides: "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

claim asserted against him, and the plaintiff sought remand on the grounds that the petition was untimely and because the City had not joined in it. *Id*. at 967. The Court (Woodlock, J.) denied the motion to remand, holding that the unanimity rule extends only to defendants "substantively entitled to remove." *Id*. at 968 (quoting *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1199 (D.R.I. 1986) (Selya, J.)); *see also Shepard v. Egan*, 767 F. Supp. 1158, 1161 (D. Mass. 1990) (Freedman, J.) ("those defendants who could not have removed the case themselves if they had been the sole defendants in the action, need not join the removal petition").[2]

Similarly, in *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1266 (D. Or. 2001), the plaintiff filed claims of discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964 against her employer and against an individual employee; the employee did not join in the employer's petition for removal. The court held that the retaliation claim was a separate and independent claim under 28 U.S.C. §1441(c), and accordingly that the individual defendant's failure to join in the petition did not warrant remand.

This case fits the same mold. As explained in the Union's removal petition, plaintiff's claims against his Union assert, in substance though not expressly, that the Union breached its federal-law duty of fair representation by not pursuing through arbitration a grievance over Preble's termination. *See, e.g.*, Complaint ¶¶32, 34. Such a claim is entirely separate and independent of Preble's discrimination claims against TDI,

---

[2] By contrast, in *Montana v. Abbott Labs*, 266 F. Supp. 2d 250 (D. Mass. 2003) (Saris, J.), the Court remanded an action despite the rule of *Shepard* and *Hill* because consent was not obtained from all defendants who were sued on a federal-law claim. As shown below, that is not the situation here.

his employer. Hypothetically, a finder of fact might conclude either that TDI did not discriminate against Preble, but that the Union had a duty to pursue his grievance as a matter of contract; or, inversely, the factfinder hypothetically could reach a decision in plaintiff's favor on his discrimination claims against TDI but nevertheless hold that the Union violated no obligation to Preble when it elected not to pursue his grievance. The claims are distinct because they rest on two separate sets of facts: Preble's claims against TDI consider the company's reasons for terminating his employment, while his claims against the Union focus on decisions that the Union made subsequent to the termination.

Accordingly, the Union properly filed a notice of removal where TDI could not, because the claims against the Union arise under federal law and the claims against TDI arise under state law. TDI had no ability to remove this action, and accordingly no responsibility to join in the Union's removal.

## 2. Removal Was Substantively Proper.

For substantially the reasons explained in the Union's Notice of Removal, this case was properly removed on the grounds that plaintiff's claim asserts a breach of the duty of fair representation by the Union, a claim on which federal law preempts state law. See generally Notice of Removal ¶¶12-13. The duty of fair representation "includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). "[T]he policy of the law is so dominated by the sweep of federal statutes that legal relations which [those rights and duties] affect must be deemed governed by federal law

4

having its source in those statutes, rather than by local law"). *BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of America*, 132 F.3d 824, 830 (1st Cir. 1997) (quoting *Condon v. Local 2944*, 683 F.2d 590, 594-95 (1st Cir.1982)).

Thus, analogously, in *Jones v. Truck Drivers Local Union 29*, 838 F.2d 856, 861 (6th Cir. 1988), the Court held a claim that a union had discriminated against a member on the basis of sex to be preempted by federal law: "Unfair representation, then, is unfair representation whether by reason of sex discrimination, handicap discrimination, or a willful breach of responsibility to carry out clear terms of a collective bargaining agreement for the benefit of union members and employees."[3]

Thus, it does not matter that plaintiff has characterized his claims against the Union as based on retaliation and discrimination against him on the basis of disability; those claims necessarily involve an analysis of the Union's federal-law obligations to represent Preble in the grievance process after TDI terminated his employment. Removal was proper.

## CONCLUSION

For all of the foregoing reasons, plaintiff's motion to remand should be denied.

---

[3] *Cf. also Chaulk Services, Inc. v. Mass. Comm'n Against Discrimination*, 70 F.3d 1361 (1st Cir. 1995) (granting an injunction against proceedings at the MCAD where the plaintiff alleged that her employer had interfered with her union activities because of her gender; because her claim of sex discrimination was "founded upon the identical facts which provided the basis for the unfair labor practices charge brought on her behalf by the Union . . . her claim before the Commission is expressly preempted).

Respectfully submitted,

TRANSPORTATION DISPLAYS, INC., d/b/a
VIACOM OUTDOOR, INC.

By its attorneys,

Mark W. Batten, BBO #566211
Proskauer Rose LLP
One International Place, 14th Floor
Boston, MA 02110
(617) 526-9850

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by facsimile and first-class mail, postage prepaid, this 15th day of June, 2004.

Mark W. Batten