UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERK'S OFFICE
2004 JUL -9  P 12: 41
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| WALTER S. PREBLE,<br><br>Plaintiff,<br><br>v.<br><br>TRANSPORTATION DISPLAYS, INCORPORATED, dba VIACOM OUTDOOR, and PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 35, IUPAT, AFL-CIO,<br><br>Defendants. | C.A. No. 04-cv-11005 RWZ |

### DEFENDANT PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 35'S DISCLOSURE STATEMENT PURSUANT TO F.R.C.P. 26(a)(1)

Pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A), Defendant Painters and Allied Trades District Council No. 35 makes the following initial disclosures:

A) Painters and Allied Trades District Council No. 35 Business Representative Charles E. Fogell is likely to have information relevant to the disputed facts alleged in this matter. His business address and phone number is 25 Colgate Road, Roslindale, Massachusetts, 02131, (617) 522-0520.

B) The relevant documents, as identified pursuant to Local Rule 26.2 (A) and F.R.C.P. 26(a), are as follows:

 1. Collective bargaining agreement between Painters and Allied Trades District Council No. 35 and Transportation Displays, Incorporated, d/b/a Viacom

Outdoor ("Company"), with effective dates of November 3, 2001 through July 31, 2004.

2. Painters & Allied Trades District Council No. 35 Business Agent Charles Fogell's ("Fogell") December 12, 2001 notes from his conversation with Walter Preble ("Preble") on that date regarding Preble's termination.

3. December 13, 2001 letter from Fogell to the Company filing Preble's grievance.

4. December 15, 2001 Memorandum from Company Operations Manager Richard MacLean ("MacLean") acknowledging receipt of the grievance.

5. Fogell's December 17, 2001 notes from his meeting with Preble on that date.

6. Fogell's December 19, 2001 notes from his meeting on that date with MacLean.

7. December 26, 2001 letter from Fogell to the Company moving Preble's grievance to the 2nd step of the grievance procedure.

8. Fogell's December 27, 2001 notes from his interview with Preble's co-worker, Kenny Barrus.

9. Fogell's December 28, 2001 notes from the Step 2 grievance meeting.

10. January 2, 2002 letter from Fogell to Preble indicating that the Union would not be taking his grievance to arbitration.

11. February 12, 2002 letter from Union Secretary-Treasurer Ralph Harriman ("Harriman") to Preble stating that he supported the Union's decision not to take the case to arbitration.

12. Preble's February 15, 2001 notice of suspension.

13. MacLean's undated notes regarding his warning employees about taking company vehicles off-route.

14. MacLean's December 12, 2001 notes regarding his meeting and subsequent termination of Preble.

15. December 11, 2001 diagram drawn by Preble regarding his motor vehicle accident on December 11, 2001.

Defendant reserves its right to supplement this document prior to trial.

Dated: July 8, 2004                                     Respectfully submitted,

                                                        Jonathan M. Conti
                                                        BBO# 657163
                                                        Feinberg, Campbell & Zack, P.C.
                                                        177 Milk Street
                                                        Boston, MA 02109
                                                        (617) 338-1976

                                                        Attorney for Defendant Painters and Allied
                                                        Trades District Council No. 35


Certificate of Service

I, Jonathan M. Conti, counsel for Defendant Painters and Allied Trades District Council No. 35, hereby certify that on this date I served a copy of the within document by first class mail, postage prepaid, to Paul L. Nevins, Esq., 47 Church Street, Wellesley, MA 02482, and to Mark W. Batten, Esq., Proskauer Rose LLP, One International Place, Boston, MA 02110.

Dated this 8th day of July, 2004.

                                                        Jonathan M. Conti