## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO. 04-11005-RWZ

| | |
|---|---|
| WALTER S. PREBLE,<br>  Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| TRANSPORTATION DISPLAYS, INC.<br>d/b/a VIACOM OUTDOOR, and<br>PAINTERS AND ALLIED TRADES<br>DISTRICT 35, IUPAT, AFL-CIO,<br>  Defendants | )<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION SUMMARY JUDGMENT

### Hearing Requested

### Procedural History

This proceeding arose as a result of an adverse employment action in which the plaintiff, Walter S. Preble, was discharged from employment on December 12, 2001, allegedly for unauthorized use of a company vehicle.

Thereafter, Walter Preble filed administrative charges against both his employer and his union in which he alleged disability and age discrimination, and unlawful retaliation with the Massachusetts Commission Against Discrimination in May of 2002.[1]

In April of 2004, the plaintiff filed the instant civil action in Suffolk Superior Court. The defendant union then removed the matter to United States District Court, purportedly because federal subject-matter jurisdiction was

---

1.     See the **Affidavit Of Walter S. Preble**, which is attached as Exhibit 1 to the **Affidavit Of Paul L. Nevins.**

2

implicated. The former employer and defendant, Transportation Displays, has

now moved for summary judgment on the claims asserted against it.

## Statement of Material Facts

The plaintiff in the instant matter,  Walter S. Preble, filed a **Verified**

**Complaint For Injunctive Relief And Money Damages**. Pursuant to Local

Rules 56.1, he also relies upon the concise statement of the genuine material

facts which is attached to this memorandum.

## ARGUMENT

1.    **The Defendant's Instant Motion For Summary Judgment Must Be Denied Since The Plaintiff Can Show A Series Of Discrete Events And Acts Which Occurred Prior To The Plaintiff's Discharge Which, When Viewed Together, Show Evidence Of Age And Disability Discrimination, And Unlawful Retaliation.**

The defendant in this action seeks summary judgment as to all counts in

the plaintiff's **Verified Complaint For Injunctive Relief And Damages.** The

standard for summary judgment is that it may be entered only if there is "no

genuine issue of material fact." Fed. R. Civ. P. 56(c).  Further, "The moving

party bears the burden of convincing the court's mind on each point."[2]

In weighing summary judgment, the motion judge shall consider the

pleadings, depositions, answers to interrogatories, admissions on file and

affidavits.  Before granting summary judgment, the motion judge must view "in

_____

2.    Smith and Zobel, **Rules Practice**, §56.8, pages 359-362, Volume 8, **Massachusetts Practice**, _Snyder v. Hilligeist_, 246 F.2d 649 (D.C. App., 1957), _Driggers v. Business Men's Assur. Co. of America_, 219 F.2d 292 (1955).

3

the light most favorable to the party opposing the motion" "the inferences to be drawn for the underlying facts contained in such materials."[3]

If the competing affidavits are at all divergent as to a material fact, the case must go to trial. The First Circuit has held that it would not matter if one side opposed the other's personal affidavit with "affidavits of thirteen bishops."[4]

The purpose of summary judgment is to "make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved."[5] As a general practice, summary judgment ought to be sparingly granted.[6]

To prevail at summary judgment, the defendant in this action, as the moving party, must surmount an impossible hurdle.[7] It must prove, based

---

3.    *Morrissey v. Proctor & Gamble Co.*, 379 F.2d 675 (1967).

4.    *Proctor & Gamble*, *supra*.

5.    Wright, **Federal Practice & Procedure** (Rules Edition), at § 1231 (rev. ed. 1958).

6.    In fact-intensive disputes such as the instant one, courts must be mindful of the provision of the Seventh Amendment to the United States Constitution which guarantees "the right of trial by jury." To the extent that the doctrine "original intent" is a matter of concern to anyone, this provision contained in an amendment in the Bill of Rights is as worthy of veneration as any other constitutional guarantee. Factual issues, which are susceptible to different interpretations by the finders of fact and which affect common legal and equitable remedies should remain within the province of the jury. *Perez-Serrano v. Deleon-Velez*, 868 F.2d 30 (1st Cir. 1989). See also *Santiago-Nagron v. Castro-Davilla*, 865 F.2d 431 (1st Cir. 1989).

7.    Given the existing evidence, the defendant is not entitled to prevail on its
(continued...)

4

upon the pleading, and documentary evidence, that there exist no genuine

issues of material facts which preclude its motion for summary judgment.[8]

---

7.    (...continued)
motion for summary judgment, since the plaintiff has introduced appropriate
material which demonstrates that proof of essential elements of the burdened
party's claims does exist and will be presented at trial - viz., factual evidence of
discriminatory acts which adversely affected his employment rights. See *Ramos
v. Roche Products, Inc.*, 936 F.2d 43.  Even under the standards enunciated by
the United States Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106
S. Ct. 2548, 91 L. Ed. 2d 265( 1986) and *Anderson v. Liberty Lobby*, 91 L. Ed.
2d. 202 (1986) (which are generous to defendants moving for summary
judgment and hostile to plaintiffs who oppose), the defendant cannot prevail
since Walter Preble has presented evidence which is "significantly probative"
and "not merely colorable."

See also *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133
(2000), a case in which the U.S. Supreme Court appears have abandoned  the
"pretext-plus" analysis of employment discrimination cases and to echo the
standards enunciated by the Massachusetts Supreme Judicial Court in
*Lipschitz v. Raytheon Co.*, 434 Mass. 493 (1995).

8.    Given the existing documentary evidence, the plaintiff's claims of
discrimination, under Massachusetts civil rights statutes would easily survive
a motion for a directed verdict since federal courts have consistently held that
a motion for directed verdict may not be granted, if anywhere in the evidence,
from whatever source derived, any combination of circumstances could be
found from which a reasonable inference could be drawn in favor of the
plaintiff, even if other inferences could be also drawn that are not in favor of
the plaintiff.  *Whitsell v. Alexander*, 229 F.2d 47 (1956).

In addition, the court must assume the credibility of the plaintiff's
evidence. *U.S. v. Hess*, 341 F.2d 444 (1965); *Globe Liquor v. Roman,* 332 U.S.D.
571 (1948), and must also consider, in support of the plaintiff, any evidence
submitted by the defendant, if it assists the plaintiff's case. *Liberty Mutual Ins.
Co. v. Davis,* 412 F. 2d 475 (1969); *Southern Glass & Builders Supply Co. v.
U.S.*, 398 F.2d (1968).

Furthermore, a directed verdict may not be granted even where the
parties agree upon all the facts but more than one inference may reasonably
be drawn from them and the parties disagree about what inference should be
drawn. *Southern Glass & Builders Supply Co. v. U.S.*, 398 F.2d (1968).

5

Even a cursory review of the documentary evidence in this case reveals the existence of a number of genuine and material issues of fact about which the plaintiff and the defendant do not agree.  The plaintiff's proffered evidence includes a series of documents which evidence disparate treatment. These documents show that younger, and non-handicapped employees, were treated more favorably than the plaintiff with respect to workplace infractions.

Because of the existence of these genuine, material facts in dispute, the court, as a matter of law, is precluded from granting the defendant's motion for summary judgment.

**2.     The Evidence Shows That The Defendant Employer Is Liable To To The Plaintiff For Violation Of M.G.L. c. 151B, § 4.2, Based Upon Circumstantial Evidence Which Shows Disparate Treatment Because Of  Age And Disability.**

M.G.L. c. 151B, §§ 4.1B and 4(16) prohibit an employer, from discriminating against an employee because of his age or handicap.  In this action,  the plaintiff points to a number of separate facts which, taken together, create actionable claims of disability discrimination and age discrimination, in violation of chapter 151B of the General Laws:

1.     At the time he commenced this action, the plaintiff was a 48 year old male who suffered from diabetes and a heart condition. **Verified Complaint**, at ¶ 1.

2.     The plaintiff worked for Transportation Displays and its predecessors-in-interest since June 16, 1977. **Verified Complaint**, at ¶ 7.

3.     As of December 12, 2001, the plaintiff was the second most senior union

6

employee at the company's Randolph office. **Verified Complaint**, at ¶ 9.

4.     The plaintiff was also the third oldest union employee. See the **Affidavit Of Walter S. Preble in Opposition To The Motion Of Transportation Displays For Summary Judgment**, at ¶ 5; and Exhibit 4 to the **Affidavit of Paul L. Nevins.**

5.     After Transportation Displays acquired the business in 2000, it hired seven new employees who performed the same work as the plaintiff. See the **Affidavit Of Walter S. Preble in Opposition To The Motion Of Transportation Displays For Summary Judgment,** at ¶ 6, and Exhibit 1 thereto.

6.     All but one of these employees were substantially younger than Preble; five of them were under forty years of age. See **The Affidavit Of Walter S. Preble in Opposition To The Motion Of Transportation Displays For Summary Judgment,** at ¶ 7 and Exhibit 1 thereto.

7.     Four of those younger employees, who were also neither handicapped nor regarded as handicapped, Blake Beath, Hak Ok, John Benoit and David Young, committed more serious offenses than the plaintiff; three of these employees violated explicit, negotiated work rules. See Exhibits 8, 9, 10. and 11 to the **Affidavit Of Paul L. Nevins.**

8.     Each of these four younger, non-handicapped employees were treated more favorably than the plaintiff. See Exhibits 8, 9, 10. and 11 to the **Affidavit Of Paul L. Nevins.**

7

9.    The documentary evidence also shows that Mr. Preble's employer and the union were aware of Mr. Preble's heart condition.[9] In addition, Mr. Preble has testified that he informed his employer's Operations Manager, Richard McLean, of his heart condition and his diabetes[10] which Richard MacLean has acknowledged.[11]

10,   The plaintiff preferred to adhere to his practice of checking his blood-sugar levels at home while he was on an unpaid lunch break: so long as long as he kept his (blood sugar) numbers in check, he was fine."[12]

Any arguments by the defendant employer to the contrary notwithstanding, Mr. Preble has met the legal standards set forth under M.G.L. c. 151B, § §4,1B and ¶16. In contrast to those federal court decisions which the defendant has invoked,[13] Massachusetts courts have looked to Massachusetts law. For

———————————

9.    See Exhibit 7 attached to **Affidavit Of Paul L. Nevins**, the notes of Charles Fogell, the union's business representative, of his interview with Walter Preble on 12/12/01 which states, on the last page, "The company knows he has a heart condition."

10.    See the **Affidavit Of Walter S. Preble** which is attached as Exhibit 1 to **Paul L. Nevins.**

11.    See Exhibit 5 to the **Affidavit of Paul L. Nevins**, the **deposition of Richard MacLean**, at pages 35 and 36.

12.    2d **Deposition of Walter Preble**, at p. 16.

13.    In this respect, it is important to emphasize that Massachusetts courts have consistently ignored persuasive federal law when that law is at loggerheads with fundamental Massachusetts law or public policy.
    In refusing to accept the guidance of the federal courts, our highest court stated, "We think the better policy is to remain with our own precedent that, once a plaintiff has established a prima facie case and further shows

(continued...)

8

example, the definitions of handicap, which are set forth in the language of

M.G.L. c. 151B §§ 1(16), 1(17), 1(19),1(20), and 4(16).[14] Walter Preble has thus

satisfied the elements of a *prima facie* case.[15] Evidence of disparate treatment

_____

13.    (...continued)
either that the employer's articulated reasons are a pretext or by direct
evidence that the actual motivation was discrimination, the plaintiff is entitled
to recovery for illegal discrimination under G.L. c. 151B...." *Donald Blare v.
Husky Injection Molding Systems Of Boston*, 419 Mass. 437 (1995).

 See also, more recently. *Dahill v. Police Department Of Boston*, 434 Mass.
233 (2001), in which Chief Justice Marshall, on behalf of a unanimous court,
that M.G.L. c. 151B is too be construed more broadly than federal ant-
discrimination statutes, "...There are sound reasons why our interpretation of
the Massachusetts statute diverges from the [Supreme] Court's interpretation
of similar language in the federal statute."

14.    These standards have also been explicated by the <u>Guidelines:
Employment Discrimination On The Basis Of Handicap - Chapter 151B</u> which
the Massachusetts Commission Against Discrimination has adopted.  The
Commission (hereinafter, MCAD), in its <u>Guidelines</u> has defined handicap as
follows:

  " A person is considered to be "handicapped"s/he has a past record or
  medical history of a physical or mental impairment that substantially
  limits one or more major life activities, even though the impairment may
  no longer exist...."

15.    The requirement of a *prima facie* case was first suggested by the United
States Supreme Court in *McDonell Douglas Corp. v. Green*, 411 US 792, 36
L.Ed 2d 668, 93 S.Ct 1817 (1973).  See also *McDonald v. Santa Fe Trail
Transportation Co.*, 427 U.S. 273 (1976) and *Loeb v. Textron*, 600 F.2d 1003
(1st Cir., 1979).

 The *McDonnell Douglas* line of cases was initially quoted with approval
by the Supreme Judicial Court in interpreting chapter 151B, in <u>Wheelock
College v. MCAD,</u> 371 Mass. 130, 137, 355 N.E. 2d 309, 314 (1976).  However,
the Supreme Judicial Court  emphasized throughout the past decade that
chapter 151B jurisprudence diverges from  federal cases under Title VII and
the ADEA, with respect to the levels of proof necessary both to assert and
rebut legitimate business justifications. See *Donald Blare v. Husky Injection
Molding Systems Of Boston*, 419 Mass. 437 (1995).  See also *Lipschitz v.*

(continued...)

9

under chapter 151B requires that the plaintiff show (1) that he was a member of one or more protected classes; (2) that he suffered an adverse employment action; and (3) that he was treated him differently (a) than similarly-situated non-handicapped or younger employees, (b) or that he was denied a reasonable accommodation to which he was entitled,[16] or that (c), but for his membership in the protected class, he would not have been treated as he was.[17]

With respect to disparate treatment claims, even when a "smoking gun" is absent, inferences are acceptable as evidence to prove the elements of a

---

15.    (...continued)
*Raytheon Co.*, 434 Mass. 493,  2001 Mass. LEXIS 382 (2001). See also *Abramian v. President & Fellows Of Harvard College, et al.*, 432 Mass. 107 (2000).
       Within the past five years, however,  the U.S. Supreme Court appears have abandoned  the "pretext-plus" analysis of employment discrimination cases which was favored by the First Circuit and which benefitted employer defendants.  *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000).

16.    The nature of the reasonable accommodation to which Mr. Preble would be entitled was to take lunch at home whenever he was working at the Cabot Garage in his neighborhood of South Boston since where he took lunch - so long as he did not take a longer lunch than allowed - was not a legitimate concern of the company.

17.    Moreover, the necessary elements of a "prima facie" case are not "cast in concrete" or subject to a rigid formula. A "prima facie" case may be made out in a number of different ways which may be tailored to the precise the facts and to the nature of the discrimination claim.  *Whalen v. NYNEX Information Resources Company*, 419 Mass. 792 (1995).

10

*prima facie* case.[18] Here, the documentary evidence sets forth more than

sufficient evidence to defeat the defendant's motion for summary judgment.

**3.    The Defendant Employer Cannot Show A Legitimate, Non-Discriminatory Business Reason For Its Treatment Of Walter Preble.**

Once the plaintiff has articulated a *prima facie* case, the burden then

shifts to the employer to present evidence of a  legitimate, non-discriminatory

reason for its actions.[19] Illegal reasons do not count[20] and, under the settled

---

18.    *Wheelock College v. MCAD,* 371 Mass. 130, 355 N.E. 2d 309 (1976), at 135 n. 5, which was cited by the Supreme Judicial Court in the *Whalen* case, *supra*, carried into Massachusetts law the basic outline of the prima facie case, pretext, and rebuttal, and inferential method of proof of discrimination (as opposed to direct proof) initially approved by the U.S. Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), but noted that "in other factual situations the prima facie proof required of a complainant might be different." Ibid. at n.13.

19.    It is settled law that, once the plaintiff has articulated a **prima facie** case, the burden then shifts to the employer to show a legitimate, non-discriminatory reason for its actions.  *Wheelock College v. MCAD*, 371 Mass. 130, 355 N.E. 2d 309 (1976). The employer is obliged to "produce credible evidence to show that the reason or reasons advanced were the real reasons." *Sarni Original Dry Cleaners, Inc. v. Cooke*, 388 Mass. 611, 447 N.E.2d 1228 (1983), at 614-615. Note also that *Wheelock*, *supra*, note 1, makes it clear that "credible evidence" that the claimed legitimate business justification was the real reason is required from the employer, to shift the burden of persuasion on this issue back to the Complainant.

The employer is obliged both to "advanc[e] lawful grounds for the action taken" and "to produc[e] evidence of underlying facts in support thereof.'" *Brunner v. Stone & Webster Eng'g Corp.*, 413 Mass. 698, 700, 603 N.E.2d (1992), quoting *Smith College v. Massachusetts Comm'n Against Discrimin.*, 371 Mass. 130, 139, 355 N.E.2d 309,315 (1976).

Finally, it is settled that Mr. Preble may meet his burden to prove discrimination directly, by persuading the finder of fact that it is more likely that a discriminatory reason motivated the employer, or indirectly, by showing the employer's proffered explanation is not worthy of belief.  *Donald Blare v.*

(continued...)

11

law, it is also not necessary that a discriminatory reason be the only - or the sole - reason for an employer's action.[21] Even if the employer had more than one reason for acting as it did, Walter Preble would still prevail on his claims of age and handicap discrimination. What matters is that the discriminatory reason made a difference and that the defendant employer would not have acted as it did solely for any of the legal reason which it proffers.[22] Even good intentions are not a defense to liability.[23]

Here, the unrebutted evidence shows that:

1.      The employer and union had negotiated work rules which addressed issues of tardiness, absence and alcoholism but none was ever negotiated which prohibited Mr. Preble - or any other employee - from using a company

---

19.      (...continued)
*Husky Injection Molding Systems Of Boston*, 419 Mass. 437 (1995).

20.      *Kelly v. American Standard, Inc.*, 640 F.2d 974, at 985 (9th Cir. 1981). It is well-known that an reason that is illegal on some other basis cannot qualify as "legitimate" business justification for discrimination. See *Mt. Healthy City School District Board of Education v. Fred Doyle*, 429 U.S. 274 (1977).

21.      *Dartt v. Browning-Ferris Industries, Inc.*, 427 Mass. 1, 691 N.E.2d 526 (1998).

22.      *Cancellier, et al v. Federated Department Stores d/b/a I. Magnin*, 672 F.2d 1312, at 1315 (9th Cir. 1982), <u>cert</u>. <u>den</u>., 459 U.S. 859, 74 L.Ed.2d 113, 103 S.Ct. 131 (1982).  See <u>Loeb</u>, <u>supra</u>, 600 F.2d at 1019.
      It is a truism that many employers invariably think of other, legal reasons to justify their conduct as well.

23.      *Sarni Original Dry Cleaners v. MCAD,* 388 Mass. 611, 447 N.E.2d 1228 (1983).

12

vehicle to which that employee was assigned on a workday from using the

vehicle to get lunch. See Exhibit B to the Collective Bargaining Agreement.[24]

2.    Section 8.3 of the Collective Bargaining Agreement provides that "..no

employee shall be suspended, discharged or otherwise disciplined without just

cause."[25]

3.    The defendant employer concedes that there was no written work-rule

which prohibited an employee from using the company van to get lunch when

assigned to a work area.[26]

Hence, at trial, the finders of fact could properly conclude that the

defendant employer's explanation for its treatment of Walter Preble, when

viewed in the light of the documentary evidence and the controlling case law, is

not credible.[27] The jury could infer that, because the evidence shows (1) Preble

---

24.    Exhibit 2 to The Affidavit Of **Walter S. Preble's  Opposition To The Motion Of Transportation Displays For Summary Judgment**.

25.    Exhibit 3 to **Affidavit Of Paul L. Nevins**.

26.    See Exhibit 5 to the **Affidavit Of Paul L. Nevins**, the **Deposition of Richard MacLean**, at pages 17-20; see also Exhibit 5 attached thereto, the notes of Charles Fogell, Business Agent of Mr. Preble's union, of his initial review of Walter Preble's termination. See also Exhibit 2,  the **TDI Work Rules.** to **The Affidavit Of Walter S. Preble in Opposition To The Motion Of Transportation Displays For Summary Judgment.**

27.    The controlling case law - most emphatically - rejects any requirement that an employee must prove pretext:
        "The phrase 'pretext for discrimination' implies that the plaintiff must prove not only that a reason given by the employer for the adverse decision was false, but that the reason was given to cover a discriminatory animus. Our decisions do not require this. See *Abramian v. President & Fellows of Harvard College*, 432 Mass. at 118. Cf.
        (continued...)

was a diabetic who needed to be careful about what he ate and who needed to

monitor on a daily basis his blood-sugar levels before eating lunch; and (2)

because Preble's employer knew about his diabetes as well as his hear

condition, the employer knew or should have known that Preble was entitled to

a reasonable accommodation with respect to his unpaid lunch breaks. A jury

could also draw the permissible inference that (1) because Mr. Preble suffered

---

27.    (...continued)
       *Matthews v. Ocean Spray Cranberries, Inc.*, 426 Mass. 122, 128, 686
       N.E.2d 1303 (1997). If the employee were able to prove by direct evidence
       that discriminatory animus motivated the decision, she would not have
       to rely on the indirect method of proving animus by disproving at least
       one of the employer's articulated, nondiscriminatory reasons. Compare
       *Wynn & Wynn, P.C. v. Massachusetts Comm'n Against Discrimination*,
       431 Mass. 655, 729 N.E.2d 1068 (2000), with *Buckley Nursing Home, Inc.
       v. Massachusetts Comm'n Against Discrimination*,  Mass. App. Ct. 172,
       478 N.E.2d 1292 (1985).
     "....
       "In an indirect evidence case, if the fact finder is persuaded that one or
       more of the employer's reasons is false, it may (but need not) infer that
       the employer is covering up a discriminatory intent, motive or state of
       mind. See *Riffelmacher v. Police Comm'rs of Springfield*, 27 Mass. App.
       Ct. 159, 165, 535 N.E.2d 1280 (1989). Permitting, but not requiring the
       fact finder to draw the inference strikes the proper balance by holding
       the plaintiff to her ultimate burden without requiring her to produce
       direct evidence of discriminatory animus, a form of evidence that, we
       recognize, rarely exists. See *Wheelock College v. Massachusetts Comm'n
       Against Discrimination*, 371 Mass. 130, 137, 355 N.E.2d 309 (1976). Cf.
       *Sarni Original Dry Cleaners, Inc. v. Cooke*, 388 Mass. 611, 615-616, 447
       N.E.2d 1228 (1983). That inference, combined with the evidence
       adduced to meet the employee's burden of proof under the first stage of
       McDonnell Douglas, permits the fact finder to conclude that the
       employee has satisfied her ultimate burden of proving that the decision
       was made "because of" the unlawful discrimination as G. L. c. 151B, § 4
       (1), requires. n13 See *Abramian v. President & Fellows of Harvard
       College*, 432 Mass. at 118."
*Lipchitz v. Raytheon Company*, 434 Mass. 493 (2001), at 501; 2001 Mass.
LEXIS 382.

14

from diabetes and a heart condition, and (2) because he was the second most senior union employee at the company's Randolph office and one of the oldest, he was viewed by the company's new management as "dead-wood." By firing him, the company was able send a loud and unmistakable message about management rights to the seven  younger, newer employees who had been hired by TDI and its predecessor-in-interest after 1998.[28]

As such, the evidence of disparate treatment on the basis of age and disability which the plaintiff has adduced is more than sufficient to defeat the defendant's summary judgment motion.

**4.      The Evidence Shows That Walter Preble Was A Victim Of Unlawful Retaliation By His Employer**

In an claim for retaliation, the plaintiff usually has to show the improper motive of the defendant indirectly - through circumstantial evidence - and that he  engaged in protected activity. In this case, the evidence shows that the plaintiff engaged in protected activity under chapter 151B: As a diabetic, he took his lunch at home, when in the vicinity of his work, to control what he ate after he monitored his blood-sugar levels. [29] The evidence also

---

28.    See Exhibit 1 attached to **The Affidavit Of Walter Preble.**

29.    Prohibitions against unlawful retaliation are to viewed generously as required under M.G.L. c. 151B, § 9.
       Mr. Preble's right to be free from retaliation or intimidation is settled. That explicit right was underscored in a July 7, 1997 decision of the Superior Court to that effect in *Hang Kuk Yung v. Revelation Bra Co., Inc.* There, Judge Thayer Fremont-Smith held that a plaintiff who was not entitled to recover for handicap discrimination was, nonetheless, entitled to recover actual and punitive damages and attorneys fees for retaliation taken against him for

                                                                        (continued...)

15

shows that his employer knew that the plaintiff was diabetic, and that he needed to monitor his blood-sugar levels on a daily basis.

Evidence of unlawful retaliation must be viewed under a preponderance of the evidence standard.[30]  In this case, Walter Preble, as a qualified handicapped person, exercised a right under the M.G.L. c. 151B; he was subsequently punished for the exercise of that right by the loss of his employment. The loss of that job constituted an adverse employment action.

It is the province of the jury, as the ultimate finders of fact, and not a judge, to decide liability - i.e.,  to decide whether the plaintiff has proven his claim of unlawful retaliation, based upon a fair preponderance of the credible evidence. [31]

**5.    Mr. Preble's Statutory Claims Under M.G.L. c. 151B  Must Be Viewed In A Manner Which Assures Substantial  Justice.**

_____

29.    (...continued)
complaining that he had been discriminated against.

30.    To prevail on a retaliation claim under M.G.L. c. 151B, a plaintiff must prove that he reasonably and in good faith believed that his employer engaged in a discriminatory act, that he acted reasonably in response to that belief, and that the employer's desire to retaliate against him was  determinative  in the decision to take adverse employment action. *Abramian v. President And Fellows Of Harvard College*, 432 Mass. 107, 121, 731 N.E.2d 1075(2000). See also *MacMillan v. Mass. Soc. For Prevention Of Cruelty To Animals*, 140 F.3d 288, 309 (1st Cir., 1998).

31.    M.G.L. c. 151B § 4(4A) makes it a separate unlawful offense:
          "For any person to coerce, intimidate or threaten or interfere with another person in the exercise or enjoyment of any right granted or protected by this chapter, or to coerce, threaten or interfere with such other person for having aided or encouraged any other person in the exercise or enjoyment of any such right granted or protected by this chapter."

16

Finally, this Court is required to apply Massachusetts case law as those authorities construe M.G.L. c. 151B with respect to Walter Preble's claims under that statute. The mandate of the Massachusetts Fair Employment Practices Act requires that its provisions be construed broadly, as set forth in M.G.L. c. 151B, §9 - "The provisions of this act shall be construed liberally for the accomplishment of the purposes thereof..."

## Conclusion

WHEREFORE, for all of the above-stated reasons, the defendant's motion for summary judgment, as to each count sought, must be denied.

### Hearing Requested

The plaintiff requests a hearing on the issues of fact and law presented by defendant's motion.

Respectfully submitted,

WALTER S. PREBLE

By his attorney,

/s/ Paul L. Nevins

Paul L. Nevins
BBO # 369930
47 Church Street
Wellesley, MA 02482
(781) 237-9018

17

## Certificate of Service

The undersigned hereby certifies that, on November 24, 2004, he served a true copy of the foregoing upon all parties by causing it to be sent electronically and, via first class mail, postage prepaid, to:

Michael A. Feinberg, Esquire
Jonathan M. Conti, Esquire
**Feinberg, Campbell & Zack, P.C.**
177 Milk Street
Boston, MA 02109

and:

Mark W. Batten, Esquire
**Proskauer Rose LLP**
One International Place
Boston, MA 02110

  /s/ Paul L. Nevins
Paul L. Nevins