UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11005-RWZ

WALTER S. PREBLE,            )
  Plaintiff                 )
                            )
                            )
v.                          )
                            )
TRANSPORTATION DISPLAYS, INC. )
d/b/a VIACOM OUTDOOR, and     )
PAINTERS AND ALLIED TRADES    )
DISTRICT 35, IUPAT, AFL-CIO,  )
  Defendants               )

## THE AFFIDAVIT OF WALTER S. PREBLE IN OPPOSITION TO THE MOTION OF TRANSPORTATION DISPLAYS FOR SUMMARY JUDGMENT

I, Walter S. Preble, upon oath, do depose and state as follows:

1.    I am a white male, who was born on June 4, 1955.

2.    I am now forty-nine years of age.

3.    I worked for Transportation Displays (CBS) and its predecessors-in-interest since June 16, 1977.

4.    As of December 12, 2001, I was the second most senior union employee at the company's Randolph office. See Exhibit 1 attached hereto, Viacom's seniority roster.

5.    I was also the third oldest union employee. See Exhibit 4 to the **Affidavit of Paul L. Nevins.**

6.    After Transportation Displays acquired the business in 2000, it hired seven new employees who performed the same work as I.

7.    All but one of these employees were substantially younger than I; five of them were under forty years of age. See Exhibit 4 to the **Affidavit of Paul L. Nevins.**

8.    Sometime in the fall of 2000, after Transportation Displays acquired the company, I approached the new Operations Manager, Richard MacLean to inform him that I had previously had a heart attack and that I suffered from Diabetes (Stage II).

9.    In response, Mr. McLean told me to take it easy whenever I needed to.

10.    On December 11, 2001, I reported to work at Transportation Displays' Randolph office.

11.    As per custom and practice, I and a co-worker were assigned a company van and given our work locations.

12.    That particular day, my co-worker and I were assigned to place advertising displays on buses at the MBTA's Dudley Street Garage in Roxbury, the Cabot Street Garage in South Boston, and the Albany Street Garage which is next to the Southeast Expressway.

13.    During the morning of December 11, 2001, my co-worker and I worked at the Dudley Street MBTA Garage in Roxbury and at the Cabot Street Garage.

14.    Around lunch time, I dropped my partner off at the MBTA's Albany Street Garage, where he began to install signs on the buses.

15.    I agreed, after lunch, to return to the Cabot Street Garage in South Boston to check whether any additional buses were now parked there, and that I would

3

to return to Albany Street to work with my partner until the end of the work day
at 4:00 P.M.

16.    After I dropped my partner off at the Albany Street Garage, I drove to my
house at 589 East Fifth Street in South Boston to eat lunch and to check my
blood-sugar levels.

17.    My residence is about  one mile from the Cabot Street Garage.

18.    Because of my diabetes, I try to avoid foods which exacerbate my condition
and I check my blood-sugar levels daily.

19.    Because of the fact that the lunch period occurs when employees are
travelling to MBTA locations, employees often take lunch at Burger King or
Dunkin Donuts. See Exhibit 7 attached the **Affidavit Of Paul L. Nevins,** the notes
of Charles Fogell, Business Agent of my union, of his initial review of reason given
my the company for my discharge.

20.    Transportation Displays never negotiated with the union, or issued a work
rule, which prohibited employees from using the company van to get lunch when
assigned to a work area. See Exhibit 7 attached the **Affidavit Of Paul L. Nevins,**
the notes of Charles Fogell, Business Agent of my, of his initial review of the
reason given by the company for my discharge. See also Exhibit 2 attached
hereto, Exhibit B the Collective Bargaining Agreement, **TDI Work Rules.**

21.    In addition, although Mr. McLean told employees that they were not to go
"off route," Mr. McLean never defined for us what constituted "our routes" or what
he meant by "not leaving our area."

4

22.    After I left my house and drove back toward the Cabot Street Garage, I was involved in a very minor traffic incident - in which I clipped the taillight on a parked SUV.

23.    I immediately identified himself to a police officer who was directly a detail nearby, and I reported that accident to my employer. See Exhibit 3 attached hereto, the police officer's confirmation of my statement.

24.    The following day, I was discharged from employment by Transportation Displays, purportedly for unauthorized use of a company vehicle. See Exhibit 4 attached hereto.

25.    At the time I was discharged from employment, I had an unblemished driving records, according to the Massachusetts Registry of Motor Vehicles. See Exhibit 5 attached hereto.

26.    After my discharge, I learned that another employee, Blake Beath, failed to complete his work assignments and falsified work reports, but he received only a five day suspension. See Exhibit 8 to the **Affidavit Of Paul L. Nevins**.

27.    Mr. Beath was hired in November of 2000 and was 37 years of age. See Exhibit 4 to the **Affidavit Of Paul L. Nevins**.

28.    After my discharge, I also learned that another employee, Hak Ok, failed to call in sick or to show up for work, but was apparently docked only one day's pay. See Exhibit 9 to the **Affidavit Of Paul L. Nevins**.

29.    Mr. Ok was hired in February of 2001 and was 36 years of age,  See Exhibit 4 to the **Affidavit Of Paul L. Nevins**.

5

30.    After my discharge, I learned that a third employee, John Benoit, frequently called in sick and subsequently failed to show up for work over a four day period; despite past similar offenses, he was only issued a written warning. See Exhibit 10 to the **Affidavit Of Paul L. Nevins**.

31.    Mr. Benoit was hired in November of 2000 and was 41 years of age. See Exhibit 4 to the **Affidavit Of Paul L. Nevins**.

32.    Finally, after my discharge, I learned that a fourth employee, David Long, was suspended for only three days because of excessive absenteeism, despite his having received many prior verbal warnings, and his having been absent on eight separate occasions after he received a written warning.

33.    In addition, Mr. Long failed to report to work and did not call in on May 28, 2002. See Exhibit 11 to the **Affidavit Of Paul L. Nevins**.

34.    Mr. Long was hired on October 14, 2000 and was 25 years of age. See Exhibit 4 to the **Affidavit Of Paul L. Nevins**.

Sworn to under the pains and penalties of perjury this 20th day of November, 2004.

Walter S. Preble

6

**NORFOLK ss.**

Before me the above signed, Walter S. Preble, known to me personally, did appear and state that he had made the above statement of his own free act and will and that the facts alleged were, to the best of his knowledge, true.

Paul L. Nevins
Notary Public
My commission expires:
June 11, 2010

### Certificate of Service

The undersigned hereby certifies that, on November 2 4 2004, he served a true copy of the foregoing upon all parties by causing the copies sent electronically and to be deposited in the United States Mail postage prepaid, addressed to:

Michael A. Feinberg, Esquire
Jonathan M. Conti, Esquire
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109

and:

Mark W. Batten, Esquire
**Proskauer Rose LLP**
One International Place
Boston, MA 02110

Paul L. Nevins

1

# *EXHIBIT 1*

DRAFT 10/30/01

# EXHIBIT "A"

## SENIORITY LIST FOR FULL-TIME EMPLOYEES – BOSTON

| EMPLOYEE | SENIORITY DATE |
|---|---|
| Alan Brunswick | 6/19/73 |
| Walter Preble | 6/16/77 |
| Joseph Maykis | 6/26/80 |
| Kenneth Barrus | 9/21/81 |
| Thomas Higgins | 1/31/94 |
| Leo Horne | 9/14/98 |
| Brian Carson | 9/27/00 |
| David Long | 10/14/00 |
| Kevin McCormack | 10/29/00 |
| Blake Beath | 11/6/00 |
| John Benoit | 11/22/00 |
| Hughnorton Laidley | 12/4/00 |
| Hak Ok | 2/20/01 |

Rd.
WFM

*EXHIBIT 2*

# EXHIBIT "B"

# TDI
# WORK RULES

Adherence to TDI work rules is a condition of employment. Violation of these rules shall be cause for disciplinary action in accordance with the following set forth below:

1.    Being tardy without calling in and excessive tardiness.

1st Offense:    Verbal Warning
2nd Offense:    Written Warning
3rd Offense:    Suspension
4th Offense:    Discharge

2.    Being absent without prior authorization and/or excessive absenteeism.

1st Offense:    Written Warning
2nd Offense:    Suspension
3rd Offense:    Discharge

3.    No call/No show.

1st Offense:    Written Warning
2nd Offense:    Suspension
3rd Offense:    Discharge

4.    Possession or taking of alcoholic beverages and/or drugs, being under the influence of alcoholic beverages or drugs during working periods; or reporting for work under the influence of alcohol or drugs. **NOTE:** The only exception will be having a prior letter in the company personnel file from the employee's physician.

1st Offense:    Discharge

**NOTE:** These rules are not intended to cover every circumstance under which discipline, up to and including discharge, may be appropriate. However and except as provided at Section 5.2, the company shall have the burden of demonstrating just cause for discipline should the union challenge the appropriateness of same. The union shall have the right to challenge any employee discipline in accordance with the grievance and arbitration provision set forth in the collective bargaining agreement.

# *EXHIBIT 3*

To whom it may concern.

On December 11,2001, While performing a paid detail at the corner of B st and W 4th st. I had half of B st blocked off. Vehicles traveling on B st. from W Broadway that had to make a right turn onto W. 4th st.,would have to travel on the left side of the roadway. I observed the back end of a box truck strike the rear end of an SUV, that was parked on B st ., causing minimal damage. The operator of the truck pulled over onto the left side of B st. and walked over to me and identified himself                        as Walter Preble. I then copied down all the pertinent information and left it on the windshield of the SUV.

_Police Officer_
_Carl Nemer ID # 1266_
_101 W. Broadway_
_S. Boston, Ma._
_Tel # 617-343-4730_

4

*EXHIBIT 4*





## EMPLOYEE STATUS CHANGE REPORT

EMPLOYEE NAME:   Walter Preble                    DEPT.      Boston Operations

POSITION:              Journeyman              MARKET:   Boston

*********************************************************************

EFFECTIVE DATE:                 December 12, 2001

## COMPLETE ALL APPLICABLE CHANGES BELOW:

PROMOTION        ( )      NEW POSITION:        _____

                                         SALARY INCREASE:     _____

TERMINATION     ( X )    REASON:  Unauthorized use of company vehicle

TRANSFER          ( )      NEW MARKET:          _____

OTHER              ( )      EXPLANATION:         _____

ADDITIONAL COMMENTS:                      _____

_____    _____
Market Mgr./Dept. Head                          12/12/01
                                                       Date

_____    _____
Approved                                    Date

For Payroll Dept. Use:
Co._____
Fac._____
G/L Acct _____



TO:        Walter Preble

FROM:      Richard MacLean

DATE:      December 12, 2001

SUBJECT:   Termination Notice:

---

For the unauthorized use of a company vehicle on 12/11/01, your employment has been terminated as of 12/12/01.

You are required to return keys, uniforms, Photo I.D. and any Viacom property upon receipt of this notice.

Any wages and/or benefits owed to you up to this date will be mailed to you.

Sincerely,

Richard MacLean
Operations Manager

cc: Kenneth Barrus

*EXHIBIT 5*



# COMMONWEALTH OF MASSACHUSETTS
# REGISTRY OF MOTOR VEHICLES
### One Copley Place - 1st Floor, Boston MA 02116
www.massrmv.com

Mail:
P.O. Box 199100
Boston MA 02119-9100

Kimberly Hinden
*Acting Registrar*

SEARCH DATE 03/19/2002

PREBLE, WALTER S

DOB: 06/04/1955
LICENSE #: 029463237
REG #:

---FOLD                        DRIVING RECORD                    PG 1 OF 2

PREVIOUS NAMES, LICENSE NUMBERS


ACCORDING TO THE RECORD OF THE REGISTRY OF MOTOR VEHICLES THERE IS NO
RECORD OF ANY ACTIVE OFFENSE OR ACTION FOR THE PREVIOUS TEN YEARS.



COMMONWEALTH OF MASSACHUSETTS

# REGISTRY OF MOTOR VEHICLES

One Copley Place - 1st Floor, Boston MA 02116

www.massrmv.com

Mail:
P.O. Box 199100
Boston MA 02119-9100

Kimberly Hinden
*Acting Registrar*

SEARCH DATE 03/19/2002

DOB: 06/04/1955
LICENSE #: 029463237
REG #:

PREBLE, WALTER S

PG 2 OF 2

---FOLD

PREVIOUS NAMES, LICENSE NUMBERS

LICENSE INQUIRY INFORMATION
ST: MA
LICENSE#: 029463237                    DOB: 06/04/1955
NAME L: PREBLE        F: WALTER    M: S
    SEX: M   HEIGHT: 6 00    ORGAN DONOR: N   MORE HISTORY: N

DRIVERS EDUCATION: N MILITARY: N MAB: N

STATUS LIC: ACT          RESTRICTIONS:     TIME:     TO:
       CDL:
TYPE    CLASS      ENDORSEMENTS      ISSUE DATE    EXPIRATION DATE
 L        D                                           06/04/2002

END OF REPORT

THE COMMONWEALTH OF MASSACHUSETTS

REGISTRY OF MOTOR VEHICLES

DATE
--------
03/19/02

DRIVER RECORD REQUESTS          029463237     FEE:     10.00