UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11005-RWZ

WALTER S. PREBLE,            )
  Plaintiff                  )
                           )
v.                           )
                           )
TRANSPORTATION DISPLAYS, INC. )
d/b/a VIACOM OUTDOOR, and     )
PAINTERS AND ALLIED TRADES    )
DISTRICT 35, IUPAT, AFL-CIO,  )
  Defendants                 )

## AFFIDAVIT OF PAUL L. NEVINS

I, Paul L. Nevins, upon oath, do depose and state as follows:

1.    I am admitted to practice as an attorney within the Commonwealth of Massachusetts and in the federal courts; and I am in good-standing.

2.    I am the attorney for the plaintiff, Walter Preble, in this civil action.

3.    Exhibit 1 attached hereto is a true copy of the **Affidavit of Walter S. Preble**, which he filed with the Massachusetts Commission Against Discrimination.

4.    Exhibit 2 attached hereto is a copy of the **Verified Complaint** which Walter Preble filed in this action.

5.    Exhibit 3 attached hereto is a copy of the except of the collective bargaining agreement between Transportation Displays and the union which contains the seniority roster and the negotiated work rules.

6.    Exhibit 4 is a true copy of the roster of employees with their ages, which roster was produced by the defendant during predetermination discovery while

2

Mr. Preble's charges were pending before the Massachusetts Commission Against Discrimination.

7.     Exhibit 5 is a copy of the **Deposition of Richard MacLean**, which was taken during predetermination discovery while Mr. Preble's charges were pending before the Massachusetts Commission Against Discrimination.

8.     Exhibit 6 is a copy of the **Deposition of Walter Preble**, which was taken during predetermination discovery while Mr. Preble's charges were pending before the Massachusetts Commission Against Discrimination.

9.     See Exhibit 7 attached hereto are the notes of Charles Fogell, Business Agent of Mr. Preble's union, of his initial review of Walter Preble's termination.

10.    Exhibit 8 is a true copy of the personnel notes pertaining to Blake Beath, which were produced by the defendant during predetermination discovery while Mr. Preble's charges were pending before the Massachusetts Commission Against Discrimination.

11.    Exhibit 9 is a true copy of the personnel notes pertaining to Hak Ok, which were produced by the defendant during predetermination discovery while Mr. Preble's charges were pending before the Massachusetts Commission Against Discrimination.

12.    Exhibit 10 is a true copy of the personnel notes pertaining to John Benoit, which were produced by the defendant during predetermination discovery while Mr. Preble's charges were pending before the Massachusetts Commission Against Discrimination.

3

13.    Exhibit 11 is a true copy of the personnel notes pertaining to David Long, which were produced by the defendant during predetermination discovery while Mr. Preble's charges were pending before the Massachusetts Commission Against Discrimination.

Sworn to under the pains and penalties of perjury this 20th day of November, 2004.

Paul L. Nevins

4

## Certificate of Service

The undersigned hereby certifies that, on November 24 2004, he served a true copy of the foregoing upon all parties by causing the copies sent electronically and to be deposited in the United States Mail postage prepaid, addressed to:

Michael A. Feinberg, Esquire
Jonathan M. Conti, Esquire
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109

and:

Mark W. Batten, Esquire
**Proskauer Rose LLP**
One International Place
Boston, MA 02110

Paul L. Nevins

# *EXHIBIT 1*



COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION

| | | |
|---|---|---|
| WALTER S. PREBLE,<br>    Complainant | ) )<br>) | DOCKET NO. |
| v. | ) )<br>) | |
| TRANSPORTATION DISPLAYS,<br>INCORPORATED, dba<br>VIACOM OUTDOOR, and<br>PAINTERS AND ALLIED<br>TRADES, DISTRICT COUNCIL 35,<br>IUPAT, AFL-CIO<br>    Respondents | ) )<br>) )<br>) )<br>) | |

## AFFIDAVIT OF WALTER S. PREBLE

I, Walter S. Preble, upon oath, do depose and state as follows:

1.   I am a white male.

2.   I was born on June 4, 1955.

3.   I have worked for Transportation Displays and its predecessors-in-interest since June 16, 1977.

4.   During my twenty-four years of service with the company and its predecessors, I have worked diligently, have rarely taken a sick day, and I have always worked hard and taken pride in my work.

5.   As of December 12, 2001, I was the second most senior union employee at the company's Randolph office. See Exhibit 1 attached hereto.

6.   The business of Transportation Displays and its predecessors-in-interest is outdoor advertising.

2

7.  My job and that of other journeymen was to install advertising signs, including on MBTA buses.

8.  Since Transportation Displays' acquisition of the company, it has hired a number of younger employees who therefore have significantly less seniority than I do. See Exhibit 1 attached hereto.

9.  Sometime in the fall of 2000, after Transportation Displays acquired the company, I approached the new Operations Manager, Richard McLean.

10.  I spoke with Mr. McLean to find out whether he was aware of the fact that I had previously had a heart attack and that I suffered from Diabetes (Stage II).

11.  Mr. McLean said he wasn't, but told me take it easy whenever I needed to.

12.  Because of my diabetes, I try to avoid foods which will exacerbate my condition.

13.  I have an impeccable driving record. See Exhibit 2 attached hereto.

14.  Nevertheless, in February of 2001, I was suspended by my employer for one week without pay allegedly because of an incident with a driver of another car.

15.  Although no report of any such incident was ever filed by the alleged complainant, the Business Agent of my union, Charles Fogell, urged me not to grieve the suspension because the union was in the process of attempting to negotiate a new collective bargaining agreement.

16. Reluctantly, I acquiesced because I did not want to challenge my union.

17. On December 11, 2001, I reported to work at Transportation Displays' Randolph office and, as per custom and practice, my co-worker and I were assigned a company van and given our work locations.

18. That particular day, my co-worker and I were assigned to place advertising displays on buses at the MBTA's Dudley Street Garage in Roxbury, the Cabot Street Garage in South Boston and the Albany Street Garage next to the Southeast Expressway.

19. During the morning of December 11, 2001, my co-worker and I worked at the Dudley Street and Cabot Street garages.

20. Around lunch time, I dropped my partner off at the MBTA's Albany Street Garage where he said begin to install signs on the buses.

21. I agreed, after lunch, to return to the Cabot Street Garage to check whether any additional buses were now parked there, and then I would to return to Albany Street to work with my partner until the end of the work day at 4:00 P.M.

22. After I dropped my partner off at the Albany Street Garage, I drove to my house at 589 East Fifth Street in South Boston to grab a quick lunch.

23. After I left my house and drove back toward the Cabot Street Garage, I was involved in a very minor traffic incident - in which I clipped the taillight on a parked SUV.

24. I later reported that accident to my employer.

4

25. The following day, I was terminated by my employer, allegedly for unauthorized use of a company vehicle. See Exhibit 3 attached hereto.

26. Because Transportation Displays did not have any written policies or procedures which forbade me from using the van to get lunch, I immediately filed a grievance through my union.

27. The union's Business Agent did not prepare me for the grievance procedure and failed to present any defense on my behalf.

28. Essentially, I was treated by the company and by my union as "dead wood."

29. Thereafter, the union refused to take my grievance to arbitration. See Exhibit 4 attached hereto.

30. I charge Transportation Displays Incorporated and the Painter And Allied Trades District Council 35, IUPAT, with unlawful discrimination because of age and disability in violation of M.G.L. c. 151B §§ 4.1B, 4.2 and 4(16), the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101- et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621-et seq.

31. I also charge Respondents with unlawful retaliation in violation of M.G.L. c. 151B, §4.4A. That statute makes it a separate unlawful offense:

> "For any person to coerce, intimidate or threaten or
> interfere with another person in the exercise or
> enjoyment of any right granted or protected by this
> chapter, or to coerce, threaten or interfere with such
> other person for having aided or encouraged any other

5

person in the exercise or enjoyment of any such right granted or protected by this chapter."

Sworn to under the pains and penalties of perjury this 15th

day of May, 2002.

_Walter S. Preble_
Walter S. Preble

**NORFOLK, ss.**

Before me the above-signed, Walter S. Preble, known to me personally, did appear and state that he had made the above statement of his own free act and will and that the facts alleged were, to the best of his knowledge, true.

_Paul L. Nevins_
Paul L. Nevins
Notary Public
My commission expires:
July 17, 2003

# *EXHIBIT 1*

DRAFT 10/30/01

# EXHIBIT "A"

## SENIORITY LIST FOR FULL-TIME EMPLOYEES – BOSTON

| EMPLOYEE | SENIORITY DATE |
|---|---|
| Alan Brunswick | 6/19/73 |
| Walter Preble | 6/16/77 |
| Joseph Maykis | 6/26/80 |
| Kenneth Barrus | 9/21/81 |
| Thomas Higgins | 1/31/94 |
| Leo Horne | 9/14/98 |
| Brian Carson | 9/27/00 |
| David Long | 10/14/00 |
| Kevin McCormack | 10/29/00 |
| Blake Beath | 11/6/00 |
| John Benoit | 11/22/00 |
| Hughnorton Laidley | 12/4/00 |
| Hak Ok | 2/20/01 |

# *EXHIBIT 2*



# COMMONWEALTH OF MASSACHUSETTS
# REGISTRY OF MOTOR VEHICLES
### One Copley Place - 1st Floor, Boston MA 02116
www.massrmv.com

Kimberly Hinden
*Acting Registrar*

Mail:
P.O. Box 199100
Boston MA 02119-9100

SEARCH DATE 03/19/2002

PREBLE, WALTER S

DOB:  06/04/1955
LICENSE #:  029463237
REG #:

---FOLD

DRIVING RECORD

PG 1 OF 2

PREVIOUS NAMES, LICENSE NUMBERS

ACCORDING TO THE RECORD OF THE REGISTRY OF MOTOR VEHICLES THERE IS NO
RECORD OF ANY ACTIVE OFFENSE OR ACTION FOR THE PREVIOUS TEN YEARS.

# COMMONWEALTH OF MASSACHUSETTS
# REGISTRY OF MOTOR VEHICLES
### One Copley Place - 1st Floor, Boston MA 02116
www.massrmv.com

imberly Hinden
*lcting Registrar*

Mail:
P.O. Box 199100
Boston MA 02119-9100

SEARCH DATE 03/19/2002

PREBLE, WALTER S

DOB:      06/04/1955
LICENSE #:  029463237
REG #:

---FOLD

PG 2 OF 2

PREVIOUS NAMES, LICENSE NUMBERS

### LICENSE INQUIRY INFORMATION
ST: MA

LICENSE#: 029463237
NAME L: PREBLE          F: WALTER      M: S        DOB: 06/04/1955
    SEX: M    HEIGHT: 6 00    ORGAN DONOR: N    MORE HISTORY: N

DRIVERS EDUCATION: N  MILITARY: N  MAB: N

| STATUS LIC: ACT | | RESTRICTIONS: | TIME: | TO: |
|---|---|---|---|---|
| CDL: | | | | |
| TYPE | CLASS | ENDORSEMENTS | ISSUE DATE | EXPIRATION DATE |
| L | D | | | 06/04/2002 |

END OF REPORT

THE COMMONWEALTH OF MASSACHUSETTS

REGISTRY OF MOTOR VEHICLES

```
                                           DATE
                                         --------
                                         03/19/02
```

DRIVER RECORD REQUESTS       029463237    FEE:    10.00

# *EXHIBIT 3*

TOTAL P.02



## EMPLOYEE STATUS CHANGE REPORT

EMPLOYEE NAME: _Walter Preble_    DEPT. _Boston Operations_

POSITION: _____ Journeyman _____    MARKET: _Boston_

•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

EFFECTIVE DATE: _____ December 12, 2001 _____

### COMPLETE ALL APPLICABLE CHANGES BELOW:

PROMOTION   ( )   NEW POSITION: _____

SALARY INCREASE: _____

TERMINATION   ( X )   REASON: _Unauthorized use of company vehicle_

TRANSFER   ( )   NEW MARKET: _____

OTHER   ( )   EXPLANATION: _____

ADDITIONAL COMMENTS: _____

_____ 12/12/01
Market Mgr./Dept. Head    Date

_____ 12/13/01
Approved    Date

For Payroll Dept. Use:
Co. _____
Fac. _____
G/L Acct _____



**TO:**       Walter Preble

**FROM:**    Richard MacLean

**DATE:**    December 12, 2001

**SUBJECT:**   Termination Notice:

---

For the unauthorized use of a company vehicle on 12/11/01, your employment has been terminated as of 12/12/01.

You are required to return keys, uniforms, Photo I.D. and any Viacom property upon receipt of this notice.

Any wages and/or benefits owed to you up to this date will be mailed to you.

                                    Sincerely,

                                    Richard MacLean
                                    Operations Manager

cc: Kenneth Barrus

# EXHIBIT 4




**IUPAT, AFL-CIO**
25 Colgate Road
Roslindale, MA 02131

*Serving Maine, Massachusetts, New Hampshire, Rhode Island and Vermont*

**Ralph Harriman**
Secretary - Treasurer - General Business Manager

**Boston Office**
Phone: 617-522-0520
Fax: 617-524-0716
**Springfield Office**
413-733-3961
**Maine**
207-439-2704
**New Hampshire**
603-227-0799
**Vermont**
802-766-4113

**Representing**

• Protective and Decorative
Coatings Applicators •
• Wallcoverers •
• Drywall Finishers •
• Painters •
• Decorators •
• Glaziers •
• Architectural Metal &
Glass Workers •
• Scenic Artists •
• Designers •
• Civil Service Workers •
• Shipyard Workers •
• Maintenance Workers •
• Building Cleaners •
• Metal Polishers •
• Metalizers •
• Public Employees •
• Clerical Workers •
• Professional Employees •
• Security Guards •
• Safety Engineers •
• Bridge Painters •
• Riggers •
• Tank Painters •
• Marine Painters •
• Containment Workers •
• Waterblasters •
• Vacuum Cleaners •
• Sign Painters •
• Sign & Display Workers •
• Bill Posters •
• Convention & Show
Decorators & Builders •
• Paint Makers •
• Sandblasters •
• Lead Abatement Workers •
• Floorlaying & Decorative
Coverings Workers •
• Journeymen & Apprentice
Commercial, Industrial,
Highway, Residential
Construction Workers •

January 2nd, 2002

Walter Preble
589 East Fifth St.
South Boston, MA  02127

Dear Brother Preble:

Based upon the research and the Step One and Two Grievance meetings conducted by the Union –

The Union has determined that no further action or processing of your termination grievance shall be conducted nor shall the matter be subjected to arbitration, due to lack of merit as disclosed at the grievance meetings.

Should you disagree with the actions of District Council #35, I would suggest that you contact the Business Manager/Secretary-Treasurer Ralph Harriman within five (5) days of your receipt of this letter.

I have enclosed a list of D.C.#35 signatory contractors should you desire to seek employment with any of our signatory employers.

Sincerely and Fraternally,

Charles E. Fogell
Business Representative
District Council #35
I.U.P.A.T., AFL-CIO

enc. 1  (List of contractors)
cc:  Ralph Harriman, D.C.#35 Bus. Mgr./Sec.Treas.
     Michael Feinberg, D.C.#35 Legal Counsel

*2nd letter – & last response from union!*

**WALTER PREBLE**
589 East Fifth Street
South Boston, Massachusetts 02127
(617) 269-7537


January 4, 2002


<u>**CERTIFIED MAIL RETURN RECEIPT REQUESTED**</u>


Ralph Harriman, Business Manager
Secretary-Treasurer
District Council 35
I.U.P.A.T., AFL-CIO
25 Colgate Road
Roslindale, MA 02131

Dear Mr. Harriman:

    In accordance with the letter I received on January 3rd, dated January 2, 2002, from Charles E. Fogell, (copy enclosed), this letter shall serve to advise you that as a member of this Union for over 24 years, I strongly disagree with the actions of District Council #35. I have been trying to reach you by telephone since January 3rd but have been unsuccessful. Once you received this letter, kindly contact me in order that we may discuss this matter.

       Very truly yours,

       *Walter Preble*

       Walter Preble


Enclosure

cc: Charles E. Fogell, D.C. #35 Bus. Rep
    Michael Feinberg, D.C. #35 Legal Counsel
    Ralph Harriman, D.C. #35 Bus. Mgr./Sec. Treas. (By fax 617-524-0716)

2

# *EXHIBIT 2*

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO.
04-1466 B

WALTER S. PREBLE,      )
    Plaintiff,      )
                )
v.      )
                )
TRANSPORTATION DISPLAYS,      )
INCORPORATED, dba      )
VIACOM OUTDOOR, and      )
PAINTERS AND ALLIED      )
TRADES, DISTRICT COUNCIL 35,      )
IUPAT, AFL-CIO,      )
    Defendants

> **RECEIVED**
>
> APR 07 2004
>
> SUPERIOR COURT · CIVIL
> MICHAEL JOSEPH DONOVAN
> CLERK / MAGISTRATE

## VERIFIED COMPLAINT FOR INJUNCTIVE
## RELIEF AND MONEY DAMAGES

### Parties

1.   The plaintiff, Walter S. Preble, is a Massachusetts resident who resides at 589 East Fifth Street in South Boston, Massachusetts.

2.   The defendant, Transportation Displays, Inc., dba Viacom Outdoor, is a foreign corporation.

3.   It has its principal Massachusetts place of business an office address at 45 Teed Drive, Randolph, Massachusetts.

4.   The defendant, Painters and Allied Trades, District 35, IUPAT, AFL-CIO, is a Massachusetts-based labor union which has, as its principal place of business an office address at 25 Colgate Road, Roslindale, Massachusetts.

### Statement Of The Facts

5.   The Plaintff is a 48 year old male who suffers from diabetes and a heart condition.

6.   He was born on June 4, 1955.

2

7. The plaintiff worked for Transportation Displays and its predecessors-in-interest since June 16, 1977.

8. During his twenty-four years of service with the company and its predecessors, the plaintiff worked diligently, rarely took a sick day, and took pride in his work.

9. As of December 12, 2001, the plaintiff was the second most senior union employee at the company's Randolph office.

10. The business of Transportation Displays and its predecessors-in-interest is outdoor advertising.

11. The plaintiff's job and that of other journeymen was to install advertising signs, including on MBTA buses.

12. Since Transportation Displays' acquisition of the company, it has hired a number of younger employees who have significantly less seniority than the plaintiff.

13. Sometime in the fall of 2000, after Transportation Displays acquired the company, the plaintiff approached the new Operations Manager, Richard McLean.

14. The plaintiff spoke with Mr. McLean to find out whether he was aware of the fact that the plaintiff had previously had a heart attack and that he suffered from diabetes (Stage II).

15. Mr. McLean said he wasn't, but told the plaintiff take it easy whenever he needed to.

16. Because of his diabetes, the plaintiff tries to avoid foods which will exacerbate his condition.

17. The plaintiff has an impeccable driving record.

3

18. Nevertheless, in February of 2001, the plaintiff was suspended by his employer for one week without pay allegedly because of an incident with a driver of another car.

19. Although no report of any such incident was ever filed by the alleged complainant, the Business Agent of the plaintiff's union, Charles Fogell, urged the plaintiff not to grieve the suspension because the union was in the process of attempting to negotiate a new collective bargaining agreement.

20. Reluctantly, the plaintiff acquiesced because he did not want to challenge his union.

21. On December 11, 2001, the plaintiff reported to work at Transportation Displays' Randolph office and, as per custom and practice, he and a co-worker were assigned a company van and given their work locations.

22. That particular day, the plaintiff and his co-worker were assigned to place advertising displays on buses at the MBTA's Dudley Street Garage in Roxbury, the Cabot Street Garage in South Boston, and the Albany Street Garage next to the Southeast Expressway.

23. During the morning of December 11, 2001, the plaintiff and his co-worker worked at the Dudley Street Garage in Roxbury and Cabot Street Garage in South Boston.

24. Around lunch time, the plaintiff dropped his partner off at the MBTA's Albany Street Garage where he said he would begin to install signs on the buses.

4

25.  The plaintiff agreed, after he took his lunch break, to
return to the Cabot Street Garage to check whether any additional
buses were now parked there.

26.  Thereafter, the plaintiff agreed that he would to return to
Albany Street to work with his partner until the end of the work
day at 4:00 P.M.

27.  After the plaintiff dropped his partner off at the Albany
Street Garage, he drove to his house at 589 East Fifth Street in
South Boston to grab a quick lunch and to check his blood/sugar
levels.

28.  After the plaintiff left his house and drove back toward the
Cabot Street Garage, he was involved in a very minor traffic
incident - in which he clipped the taillight on a parked SUV.

29.  The plaintiff later reported that accident to his employer.

30.  The following day, the plaintiff was discharged by his
employer, on the pretext of unauthorized use of a company
vehicle.

31.  Because Transportation Displays did not have any written
policies or procedures which forbade him from using the van to
get lunch, the plaintiff immediately filed a grievance through
his union.

32.  The union's Business Agent did not prepare the plaintiff for
the grievance procedure and failed to present any defense on his
behalf.

33.  Essentially, the plaintiff was treated by the company and by
his union as "dead wood."

5

34. Thereafter, the union refused to take the plaintiff's grievance to arbitration.

35. The plaintiff subsequently filed timely charges of unlawful discrimination on the basis of age, disability and unlawful retaliation.

36. Those charges have now been removed to pursue this civil action.

### Count 1: Age Discrimination

37. The facts alleged in the paragraphs 1-36 are realleged with the same force and effect and incorporated by reference herein.

38. The facts alleged state a cause of action for violations of M.G.L. c. 151B, §4, ¶1B and 2 on account of unlawful discrimination based upon age.

### Count 2: Knowing Violation Of The Age Discrimination Act

39. The facts alleged in the paragraphs 1-36 are realleged with the same force and effect and incorporated by reference herein.

40. The defendants knew or should have known that, in terminating and in not vigorously challenging his termination plaintiff because of his age, they violated the provisions of M.G.L. c. 151B, §4.

41. Hence, the defendants, by their actions, are liable to the plaintiff under M.G.L. c. 151B, §9 for exemplary damages.

### Count 3: Disability Discrimination

42. The facts alleged in the paragraphs 1-36 are realleged with the same force and effect and incorporated by reference herein.

6

43.  The facts alleged state a cause of action under M.G.L. c.

151B, § §4.2 and 4.16 for unlawful discrimination on account of

disability.

### Count 4: Unlawful Retaliation

44.  The facts alleged in the paragraphs 1-36 are realleged with

the same force and effect and incorporated by reference herein.

45.  M.G.L. c. 151B, §4.4A. That statute makes it a separate

unlawful offense:

> "For any person to coerce, intimidate or threaten or
> interfere with another person in the exercise or
> enjoyment of any right granted or protected by this
> chapter, or to coerce, threaten or interfere with such
> other person for having aided or encouraged any other
> person in the exercise or enjoyment of any such right
> granted or protected by this chapter."

46.  The facts alleged state a cause of action for violations of

M.G.L. c. 151B, §4.4A for unlawful retaliation because Mr. Preble

exercised statutory rights permitted and protected under M.G.L.

c. 151B.

### Prayers For Relief

WHEREFORE, the plaintiff prays that this Court advance this case

in every way on the docket and grant a speedy trial and, after

said trial, he prays and demands:

    (1)  Issue a permanent injunction which orders the

plaintiff's re-hiring and which further enjoins the defendants,

their agents, servants or employees, for future acts of

retaliation or harassment against the plaintiff pursuant to

M.G.L. c. 151B, §4.