**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| WALTER S. PREBLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-11005-RWZ |
| | ) |
| TRANSPORTATION DISPLAYS, INC., | ) |
| d/b/a VIACOM OUTDOOR, and | ) |
| PAINTERS AND ALLIED TRADES | ) |
| DISTRICT COUNCIL 35, IUPAT, | ) |
| AFL-CIO, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT TRANSPORTATION DISPLAYS, INC.'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO STRIKE**

Defendant Transportation Displays, Inc., d/b/a Viacom Outdoor ("TDI") respectfully opposes plaintiff Walter Preble's cross-motion to strike a number of paragraphs from TDI's Statement of Undisputed Facts. All of the factual allegations that Preble challenges are relevant, admissible, and undisputed.

1. **Evidence Concerning Preble's Misbehavior On The Job Is Relevant And Admissible (Paragraphs 8-12, 14-20).**

Preble mainly objects to TDI's description of his history of repeated accidents and misbehavior on the job, arguing that Preble was not terminated for those events or for events of a similar character.[1] The argument simply misunderstands TDI's position. As plaintiff acknowledges on the first page of his opposition brief, TDI terminated his employment for "unauthorized use of a

---

[1] This category encompasses plaintiff's objections to Paragraphs 8-12 and 14-20 of TDI's statement (which is entitled "Local Rule 56.1 Statement Of Undisputed Facts In Support Of Defendant Transportation Displays, Inc.'s Motion For Summary Judgment").

6880/76665-002  BNLIB1/8182v1

company vehicle." Several of Preble's past disciplinary problems had also involved misuse of a company vehicle, including incidents of "road rage" and of taking the truck home for lunch despite his manager's specific instructions not to do so. TDI viewed the incident that prompted Preble's termination as the last in a series of similar problems about which Preble had been warned, and while plaintiff may dispute that contention, the evidence necessary for TDI to present it plainly is relevant.

In any case, Preble's disciplinary history with TDI is relevant even to the extent it includes incidents unlike the one that resulted in his termination. As the undisputed record shows, TDI was patient and even lenient with Preble. The first two incidents – his accident at the TDI facility in Randolph and locking his keys in the truck while eating lunch at home, TDI Statement ¶¶9-12, 14 – resulted in no discipline at all, and the incident in which he passed a slower driver in what may have been a left-turn lane, TDI Statement ¶¶15-20, resulted in an oral, albeit stern, warning. A fourth incident drew a suspension, TDI Statement ¶¶21-28, and Preble does not challenge the relevance or admissibility of these facts.

In determining whether Preble has sufficient evidence to reach a jury on his claim that TDI terminated him because of his age or disability, his record of accidents, confrontations with other drivers, and ignoring instructions not to go home for lunch, as well as TDI's progressive discipline in response to that behavior, plainly is relevant. Once Preble establishes a prima facie case of discrimination, it is TDI's burden to articulate a legitimate reason for his termination. See, e.g., McDonnell Douglas v. Green, 411 U.S. 792, 802-805 (1973). TDI also is entitled to respond to Preble's claim that such reasons are

pretexts to cover a discriminatory motive. See id. Preble's long record of misbehavior, and TDI's graduated response to it, are directly relevant to the core issue in this case. Preble's motion to strike these paragraphs should be denied.

Similarly, Preble objects to the admissibility of his testimony that his supervisor, Richard MacLean, had told him not to go home for lunch before the incident that resulted in termination (TDI Statement ¶8). That Preble was knowingly disobeying the specific instruction of his boss is, of course, directly relevant to TDI's contention here that it terminated Preble for misbehavior, not because of his age or his diabetes.

Finally, the evidence concerning Preble's prior misbehavior, and TDI's response to it, is directly relevant to a claim the plaintiff himself advances in opposition: he contends that he was treated less favorably than several younger employees who committed similarly serious offenses. Preble's own argument thus invites a comparison between his disciplinary record and that of the other employees to whom he points. He cannot contend that the company treated him differently and at the same time move to exclude the very evidence on which such a comparison would be based. The motion to strike these paragraphs should be denied.

2. **Evidence Concerning Preble's Behavior After His Final Accident Is Relevant And Admissible (Paragraphs 36-38).**

Preble does not deny that on the day of his final traffic accident, he did not mention it to anyone, including his partner, who rode with him back to the TDI facility that same afternoon. TDI Statement ¶36. He also admits that he did not write a report of the accident that day, even though he knew that a

report had been written the last time he had an accident.  TDI Statement ¶37.[2]

Preble contends that these statements are irrelevant because he was not obligated to make these reports, and because he was unable to report to his supervisor, MacLean, on the afternoon of the accident.  But these arguments do not go to the admissibility of TDI's evidence; they simply refer to <u>other</u> facts that Preble would offer in mitigation.  That Preble has an explanation for his failure to report does not make the failure itself irrelevant; the quality of his explanation may affect the weight to be given to TDI's evidence, but not its admissibility.  TDI contends that Preble's failure to mention the accident to anyone on the day it occurred is evidence that he was aware of the seriousness of what he had done and perhaps was contemplating not reporting the incident at all.  Whether those inferences are warranted is, perhaps, a factual issue.  But the indisputable fact that he reported the accident to no one on the day it occurred is relevant and admissible, and there is no basis for striking these paragraphs of TDI's Statement.

3.   **Evidence Concerning The Existence Of A Disability Is Relevant And Admissible (Paragraphs 42-43, 48)**

Preble next objects to the evidence that his diabetes did not significantly restrict his ability to do his job, TDI Statement ¶48, and that his diabetes did not require him to go home for lunch because he could, alternatively, have brought the handheld machine for blood sugar monitoring with him to work, or could have packed himself a lunch to eat on the job that would have met his

---

[2] Preble also lists Paragraph 38 of TDI's Statement in his cross-motion to strike, but offers no argument as to the basis for his objection to this paragraph.  As Paragraph 38 relates the fact of Preble's termination and statements made by his supervisor on the day of the termination, the allegations are in any event unquestionably relevant.

dietary restrictions, id. ¶¶42-43.  All of this evidence is directly relevant.

Count 3 of the Verified Complaint asserts a claim for disability discrimination under Mass. Gen. L. c. 151B.  That statute only prohibits discrimination against "qualified handicapped persons," and to be "handicapped" the plaintiff must show that he has a "physical or mental impairment which substantially limits one or more major life activities," has "a record of having such an impairment," or is regarded by his employer as having such an impairment.  Mass. Gen. L. c. 151B, §1(17).

As explained in Part A of TDI's summary judgment brief, Preble cannot satisfy these requirements because he does not suffer from a condition that "substantially limits" any "major life activities."  The facts in Paragraphs 42-43 and 48 of TDI's Statement directly support this argument, and are relevant to show that Preble is not a "qualified handicapped person" entitled to complain about discrimination.

Preble further challenges as "speculative" his acknowledgement in deposition that he could have brought the blood-testing machine with him to work or brought a lunch with him rather than going home.  There is nothing speculative about these statements; it is simply a fact that the machine was a portable device and that Preble's diabetes did not impose any dietary restrictions that would have prevented him from bringing a bag lunch.  In other words, nothing about his diabetes prevented Preble from following MacLean's instruction not to go home during the work day.  The statements are relevant and admissible.

6880/76665-002 BNLIB1/8182v1

### 4.     Preble's Failure To Complain Of Discrimination To His Union Is Relevant (Paragraph 47).

Preble admits that although he grieved his termination through his union, he never contended to anyone during the grievance process that his termination was the result of unlawful discrimination. That appears to be a theory he discovered later, after the union declined to take his grievance to arbitration. The admission is relevant because it suggests that at the time of his termination, Preble lacked any reason to believe that discriminatory motives were at work, such as a belief that he was being treated differently than other similarly-situated employees because of his age or alleged disability. Again, Preble's quarrel with the inference to be drawn does not render the evidence inadmissible.

### 5.     Preble's Lack Of Evidence Is Relevant (Paragraphs 51, 53, 54).

Preble admits that the supervisor who decided to terminate him, MacLean, never made any comments concerning Preble's age or alleged disability, and more generally that he has no reason to believe MacLean harbors any bias against older workers. TDI Statement at ¶¶51, 53. Preble contends these admissions are irrelevant because discriminatory motive can be shown through "indirect, or circumstantial evidence." It certainly can, but that does not make the lack of direct evidence irrelevant. A discrimination case may, of course, be proved by direct evidence if any exists, and TDI is entitled not only to argue that there is no such evidence here, but also to cite the plaintiff's own testimony in support of that argument.

In a similar vein, Preble objects to his admission in deposition that he knows of no younger (or healthier) employee with a comparable driving record who was treated more favorably than he. That admission is relevant to

6

demonstrate the lack of evidence to support any claim of differential treatment, another means by which plaintiff might attempt to prove pretext. Preble responds principally by claiming that he was wrong, and that such evidence actually exists, but that again is an attempt to render one piece of evidence irrelevant by pointing to other evidence claimed to rebut it. The argument confuses weight with admissibility. Preble's testimony is plainly admissible, regardless of whether or not he may wish to respond to it with other evidence.

## CONCLUSION

For all of the foregoing reasons, plaintiff's cross-motion to strike portions of TDI's Statement of Undisputed Facts should be denied.

Respectfully submitted,

TRANSPORTATION DISPLAYS, INC.

By its attorneys,


/s/ Mark W. Batten_____
Mark W. Batten, BBO #566211
PROSKAUER ROSE LLP
One International Place, 14th Floor
Boston, MA 02110
(617) 526-9850

Dated: November 30, 2004

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record, either through the electronic filing process or by first-class mail, postage prepaid, this 30th day of November, 2004.

/s/Mark W. Batten
Mark W. Batten