UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11005-RWZ

WALTER S. PREBLE

v.

TRANSPORTATION DISPLAYS, INC., d/b/a VIACOM OUTDOOR, and
PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 35, IUPAT, AFL-CIO

MEMORANDUM OF DECISION

August 22, 2005

ZOBEL, D.J.

Defendant Transportation Displays d/b/a Viacom Outdoor ("Viacom") fired its employee, plaintiff Walter S. Preble, for alleged repeated infractions while driving a company vehicle.  Plaintiff, who suffered diabetes and a heart condition, had provided over twenty-five years of service to Viacom and its predecessors.  He belonged to a union, defendant Painters and Allied Trades District Council 35, IUPAT, AFL-CIO (the "Union"), that attempted to resolve Viacom's concern over the driving infractions prior to plaintiff's dismissal.  Under the Union's rules, it retained sole authority to pursue arbitration with Viacom on plaintiff's behalf.  Plaintiff demanded full reinstatement and back pay.  The Union disagreed that plaintiff's disciplinary record supported this demand and urged him to consider more flexible solutions.  He refused.  Consequently, the Union declined to pursue arbitration, and plaintiff lost his job.  He sued both Viacom and the Union under Massachusetts law for: (1) age discrimination, (2) knowing violation of the age discrimination statutory prohibition, (3) disability discrimination and

(4) retaliation.[1]  Defendants removed the suit to federal court, and both now move for summary judgment.

Viacom argues that none of the facts presented or promised by plaintiff establish a prima facie case of age or disability discrimination or retaliation.  In order to succeed on Counts 1 and 2 regarding age discrimination, plaintiff must show that "'(1) he is a member of a class protected by G.L. c. 151B; (2) he performed his job at an acceptable level; (3) he was terminated; and (4) his employer sought to fill the plaintiff's position by hiring another individual with qualifications similar to the plaintiff's.'" Cariglia v. Hertz Equipment Rental Corp., 363 F.3d 77, 84 (1st Cir. 2004), quoting Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 441 (1995).  Although satisfaction of the prima facie elements is not intended to be burdensome, plaintiff must still meet these in order to "eliminate the most common nondiscriminatory reasons for the plaintiff's rejection." Blare, 419 Mass. at 441 (1995), quoting Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981).

Plaintiff never mentions the fourth element of the prima facie case, and the record contains no direct evidence that Viacom sought to fill plaintiff's position by hiring another individual with similar qualifications.  Massachusetts case law indicates that certain plaintiffs may satisfy the fourth element through circumstantial evidence that supports an inference, but the factual underpinnings of the instant case do not satisfy

---

[1] In Count 2, plaintiff seeks additional damages available under Massachusetts law when the evidence supports a finding that a defendant violated Count 1 with knowledge.  These Counts otherwise share the same elements; and, I will, therefore, address them together in ruling on the instant Motions for Summary Judgment.

even this more flexible standard.  See Sullivan v. Liberty Mutual Ins. Co., 444 Mass. 34, 41 and 50 (2005)(finding that, in the context of a mass reduction in workforce that would not have led to re-hiring or advertising by the employer, "[defendant's] retention of [less-qualified], younger [employees] in its Boston office with the same job classification as [plaintiff]" contributed to a showing of the fourth element).  Plaintiff's assertion that several other Viacom employees violated work rules, were younger than he and received less severe punishments fails to identify them as less-qualified than he or performing the same type of work as he did.  See Aff. of Walter S. Preble, ¶¶ 26-34.  Because plaintiff never alleges, much less offers, sufficient facts to make this showing, Viacom's motion is allowed as to Counts 1 and 2 regarding age discrimination.

As to Count 3, plaintiff "must demonstrate that he is a 'qualified handicapped person' . . . [and] thus . . . capable of performing, with or without reasonable accommodation, the essential functions of the position . . ."  Sullivan v. Raytheon Co., 262 F.3d 41, 47 (1st Cir. 2001).  Viacom argues that plaintiff "does not suffer from a condition that qualifies as a 'disability' under Massachusetts law."  Def.'s Mem. in Support of Summ. Jdgmt., p. 8.  In order to satisfy the "initial, but essential, burden" of establishing a handicap, the SJC set forth a three-part test:

> [f]irst . . . whether a plaintiff's condition, actual or perceived, constitutes a mental or physical 'impairment' . . . [s]econd . . . whether the life activity curtailed constitutes a 'major' life activity as defined in [Massachusetts law] . . . [and] [t]hird . . . 'whether the impairment *substantially limited* the major life activity'.

City of New Bedford v. Mass. Comm. Against Discrimination, 440 Mass. 450, 462-463 (emphasis in original), quoting Bragdon v. Abbott, 524 U.S. 624, 631 (1998).  Plaintiff

3

states that he suffers from diabetes and, as the result of a prior heart attack, a heart condition.  See Aff. of Walter S. Preble, ¶ 8.  He notes that "[b]ecause of my diabetes, I try to avoid foods which exacerbate my condition and I check my blood-sugar levels daily."  Id. at ¶ 18.  Nowhere, however, does plaintiff assert that these conditions actually impair a life activity, much less a major life activity.  Moreover, the record is devoid of any evidence supporting such an assertion.  Accordingly, Viacom's motion is allowed as to Count 3.

Viacom's motion is also allowed as to Count 4.  This retaliation claim relies upon a showing that plaintiff engaged in conduct protected under the Massachusetts anti-discrimination statute or similar federal law, and with the elimination of Counts 1, 2 and 3, plaintiff cannot make such a showing.  See Raytheon, 262 F.3d at 48.

Plaintiff's claim against the Union derives from state law prohibiting a labor organization from discriminating on the basis of age or disability "in any way against any of its members or against any employer or any individual employed by an employer unless based upon a bona fide occupational qualification."  Mass. Gen. Laws ch. 151B, § 2.  As the basis for this claim, he contends that "in effect . . . the union condoned and ratified [Viacom's] unlawful discharge of him, and that it acquiesced to its discriminatory treatment of him."  Pl.'s Mem. in Opp. to the Mot. for Summ. Jdgmt., p. 3.  According to plaintiff,

> the evidence shows that the union capitulated to the specious reason offered by [Viacom] for [plaintiff]'s discharge and thus ratified the employer's illegal discrimination, and thus it also discriminated against him.  The union abandoned [plaintiff] and, in effect, the union ratified the perception of [Viacom] - that because of his age, his infirmities and his

4

persistence in insisting upon the letter of the contract – he was 'dead wood.'

Id. at 17.  Plaintiff's claims against the Union presume illegal discrimination by Viacom. Because plaintiff's discrimination and retaliation actions against Viacom have failed, his claims against the Union similarly must fail.

Accordingly, both of the defendants' Motions for Summary Judgment (#21 and #41 on the docket) are allowed.  Judgment may be entered for defendants.

|  |  |
|---|---|
| _____<br>    DATE | /s/ Rya W. Zobel_____<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |