UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11005-RWZ

| | |
|---|---|
| WALTER S. PREBLE, <br>   Plaintiff | ) <br> ) <br> ) |
| v. | ) <br> ) |
| TRANSPORTATION DISPLAYS, INC. <br> d/b/a VIACOM OUTDOOR, and <br> PAINTERS AND ALLIED TRADES <br> DISTRICT 35, IUPAT, AFL-CIO, <br>   Defendants | ) <br> ) <br> ) <br> ) <br> ) |

**THE PLAINTIFF'S MOTION TO RECONSIDER,
TO VACATE ITS JUDGMENT, AND TO REMAND**

    Now comes the plaintiff, Walter S. Preble, who requests that this Court reconsider its decision, dated August 22, 2005, which awarded summary judgment to the defendants; vacate the judgment entered; and remand the matter to the Massachusetts Superior Court forum from which it was improperly removed by the defendants. As grounds therefor, the plaintiff says:

1.    The Court's decision to award summary judgment to the defendants, without a hearing and based upon a factually and legally flawed **Memorandum Of Decision,** is a travesty of justice.

2.    The Court's decision is riddled with factual misstatements and legal errors which cast serious doubt on the attentiveness and the competency of the Court.

3.    The Court's finding that, with respect to the Preble's claims of age discrimination, the plaintiff "...fails to identify then as less-qualified than he or performing the same type of work as he did...." is incomprehensible as it

ignores Exhibit 1 attached to the **Affidavit Of Walter S. Preble** and Exhibit 5 to the **Affidavit of Paul L. Nevins** as well as the plaintiff's own sworn statements. See, for example, ¶ 6 to **The Affidavit Of Walter S. Preble In Opposition To The Motion Of Transportation Display For Summary Judgment**.  See, in addition, **The Supplementary Affidavit Of Paul L. Nevins**, at ¶ 1 2 and 3, and exhibits thereto.

4.     Equally perplexing, the Court's discussion of the legal basis for the plaintiff's claims at Counts 1 and 2 misstates and/or ignores controlling Massachusetts law with respect to claims asserted under M.G.L. c. 151B.

5.     In fact, it is long settled under Massachusetts law that a plaintiff's burden with respect to a *prima facie* case is only a burden of articulation and that, once the plaintiff has articulated a *prima facie* case, the burden then shifts to the employer to proffer credible evidence of a legitimate, non-discriminatory reason for its actions.[1]

---

1.     *Wheelock College v. MCAD*, 371 Mass. 130, 355 N.E. 2d 309 (1976). The employer is obliged to "produce credible evidence to show that the reason or reasons advanced were the real reasons." *Sarni Original Dry Cleaners, Inc. v. Cooke*, 388 Mass. 611, 447 N.E.2d 1228 (1983), at 614-615. Note also that *Wheelock*, *supra*, note 1, makes it clear that "credible evidence" that the claimed legitimate business justification was the real reason is required from the employer, to shift the burden of persuasion on this issue back to the plaintiff. The required element of **credible evidence** strongly suggests that issue is one to be decided by a jury, and not a judge.

   Further, the employer is obliged both to "advanc[e] lawful grounds for the action taken" and "to produc[e] evidence of underlying facts in support thereof.'" *Brunner v. Stone & Webster Eng'g Corp.*, 413 Mass. 698, 700, 603 N.E.2d (1992), quoting *Smith College v. Massachusetts Comm'n Against Discrimin.*, 371 Mass. 130, 139, 355 N.E.2d 309, 315 (1976).

(continued...)

3

6.	Also, as previously briefed, the Supreme Judicial Court has held that the necessary elements of a *prima facie* case are not "cast in concrete" or subject to a rigid formula. The Court has held that a *prima facie* case may be made out in a number of different ways which may be tailored to the precise facts and to the nature of the discrimination claim.[2]

7.	In addition, it is settled that the treatment of the plaintiff's MGL c. 151B claims under Massachusetts law are controlled by *Lipschitz v. Raytheon Company*,[3] not *Cariglia v. Hertz Equipment Rental Corp.*[4] as the Court implies.

---

1.	(...continued)
	It is also settled that Mr. Preble may meet his burden to prove discrimination directly, by persuading the finder of fact that it is more likely that a discriminatory reason motivated the employer, or indirectly, by showing the employer's proffered explanation is not worthy of belief. *Donald Blare v. Husky Injection Molding Systems Of Boston*, 419 Mass. 437 (1995).

2.	*Whalen v. NYNEX Information Resources Company*, 419 Mass. 792 (1995).

3.	The controlling case law - most emphatically - rejects any requirement that an employee must prove pretext:
	"The phrase 'pretext for discrimination' implies that the plaintiff must prove not only that a reason given by the employer for the adverse decision was false, but that the reason was given to cover a discriminatory animus. Our decisions do not require this. See *Abramian v. President & Fellows of Harvard College*, 432 Mass. at 118. Cf. *Matthews v. Ocean Spray Cranberries, Inc.*, 426 Mass. 122, 128, 686 N.E.2d 1303 (1997). If the employee were able to prove by direct evidence that discriminatory animus motivated the decision, she would not have to rely on the indirect method of proving animus by disproving at least one of the employer's articulated, nondiscriminatory reasons. Compare *Wynn & Wynn, P.C. v. Massachusetts Comm'n Against Discrimination*, 431 Mass. 655, 729 N.E.2d 1068 (2000), with *Buckley Nursing Home, Inc. v. Massachusetts Comm'n Against Discrimination*, Mass. App. Ct. 172, 478 N.E.2d 1292 (1985).

(continued...)

4

8.   With respect to federal anti-discrimination law, the plaintiff reminds the Court that, as previously briefed, Massachusetts courts have consistently ignored persuasive federal law when that law is at loggerheads with fundamental Massachusetts law or public policy.[5]

---

3.   (...continued)
   "....
   "In an indirect evidence case, if the fact finder is persuaded that one or more of the employer's reasons is false, it may (but need not) infer that the employer is covering up a discriminatory intent, motive or state of mind. See *Riffelmacher v. Police Comm'rs of Springfield*, 27 Mass. App. Ct. 159, 165, 535 N.E.2d 1280 (1989). Permitting, but not requiring the fact finder to draw the inference strikes the proper balance by holding the plaintiff to her ultimate burden without requiring her to produce direct evidence of discriminatory animus, a form of evidence that, we recognize, rarely exists. See *Wheelock College v. Massachusetts Comm'n Against Discrimination*, 371 Mass. 130, 137, 355 N.E.2d 309 (1976). Cf. *Sarni Original Dry Cleaners, Inc. v. Cooke*, 388 Mass. 611, 615-616, 447 N.E.2d 1228 (1983). That inference, combined with the evidence adduced to meet the employee's burden of proof under the first stage of McDonnell Douglas, permits the fact finder to conclude that the employee has satisfied her ultimate burden of proving that the decision was made "because of" the unlawful discrimination as G. L. c. 151B, § 4 (1), requires. n13 See *Abramian v. President & Fellows of Harvard College*, 432 Mass. at 118."
*Lipchitz v. Raytheon Company*, 434 Mass. 493 (2001), at 501; 2001 Mass. LEXIS 382.

4.   363 F.3d 77 (1st. Cir, 2004) . For some inexplicable reason, in its discussion, the Court cited the case of *Sullivan v. Liberty Mutual Ins. Co.*, 444 Mass. 34 (2005), which, because it involved a mass reduction in force unlike the instant matter, is utterly inapposite.

5.   *Donald Blare v. Husky Injection Molding Systems Of Boston*, 419 Mass. 437(1995). See also, more recently. *Dahill v. Police Department Of Boston*, 434 Mass. 233 (2001), in which Chief Justice Marshall, on behalf of a unanimous court, that M.G.L. c. 151B is too be construed more broadly than federal anti-discrimination statutes, "...There are sound reasons why our interpretation of the Massachusetts statute diverges from the [Supreme] Court's interpretation
(continued...)

5

9.   Since all of these legal issues were thoroughly briefed in **The Plaintiff's Memorandum In Opposition To The Motion For Summary Judgment of The Defendant Union** and again in **The Plaintiff's Memorandum In Opposition To The Defendant's Motion For Summary Judgment**, one wonders whether the plaintiff's two briefs remained unread.

10.   The Court also invaded the province of a jury in dismissing Preble's handicap discrimination claim.

11.   Mr. Preble had testified that he informed his employer's Operations Manager, Richard McLean, of his heart condition and his diabetes.[6]

12.   In addition, the unrebutted evidence also showed that Mr. Preble was the second most senior member of the defendant union and the second oldest employee.[7]

---

5.   (...continued)
of similar language in the federal statute."
   Important also in this respect was the decision of the First Circuit to affirm the propriety of a decision by a district judge to remand to state court discrimination claims which were cognizable under Massachusetts law, after the judge had awarded summary judgment on the plaintiff's parallel federal claims which arose from the same set of facts. *Lattimore v. Polaroid Corp.*, 99 F.3d 456, 466-468 (1st. Cir., 1996).

6.   **The Affidavit Of Walter S. Preble**, at ¶ 8.

7.   See Exhibit 4 to the **Affidavit Of Paul L. Nevins** which was filed in response to the defendant company's summary judgment motion.

6

13.    Further, the defendant employer conceded that there was no written work-rule which prohibited an employee from using the company van to get lunch when assigned to a work area.[8]

14.    Hence, at a trial, the finders of fact could properly conclude that the defendant employer's explanation for its treatment of Walter Preble, when viewed in the light of the documentary evidence and the controlling case law, is not credible.[9]

15.    A jury could also conclude that, because the evidence shows (1) Preble was a diabetic who needed to be careful about what he ate and who needed to monitor on a daily basis his blood-sugar levels before eating lunch; and (2) because Preble's employer knew about his diabetes as well as his heart condition, his employer violated Prebble's statutory rights under M.G.L. c. 151B, § 4(16) to a reasonable accommodation, during his unpaid lunch breaks, during which he preferred to eat lunch at his nearby home and to check his blood-sugar levels during those lunch breaks.

---

8.    See Exhibit 5 to the **Affidavit Of Paul L. Nevins**, the **Deposition of Richard MacLean**, at pages 17-20; see also Exhibit 5 attached thereto, the notes of Charles Fogell, Business Agent of Mr. Preble's union, of his initial review of Walter Preble's termination. See also Exhibit 2, the **TDI Work Rules.** to **The Affidavit Of Walter S. Preble in Opposition To The Motion Of Transportation Displays For Summary Judgment.**

9.    *Donald Blare v. Husky Injection Molding Systems Of Boston*, 419 Mass. 437 (1995).

7

16.     Further, a jury could draw the permissible inference that (1) because Mr. Preble suffered from diabetes and a heart condition, and (2) because he was the second most senior union employee at the company's Randolph office and one of the oldest, he was viewed by the company's new management and union officials as "dead-wood."

17.     Also, based upon that evidence, a jury could conclude that, by firing him, the company was able send a loud and unmistakable message about management rights to the seven younger, newer employees who had been hired by TDI and its predecessor-in-interest after 1998.[10]

18.     Lastly, based upon that very same evidence, a jury could conclude that, the defendant union did not provide the "vigorous, genuine and thorough defense" it claims it provided to Mr. Preble in response to the grievance related to his discharge from employment, and that it therefore ratified the employer's illegal discrimination, and thus also discriminated against the plaintiff.[11]

19.     In awarding summary judgment to both defendants, the Court ignored the plaintiff's admonition that, in fact-intensive disputes such as the instant

---

10.    See Exhibit 1 attached to **The Affidavit Of Walter Preble.**

11.    The documentary evidence suggests that Charles Fogell and the union's leadership were persuaded by the critical comments of the union steward, Kenneth Barrus, that Walter Preble was a recalcitrant curmudgeon who, as a senior older union member, would continue to insist that the union and the employer religiously adhere to the obligations of the contract, in distinct contrast to the employer wanted a more docile work force of new hires. See Exhibit's 10 and 11 the **Affidavit of Paul L. Nevins In Response To The Motion Of The Defendant Union For Summary Judgment**.

8

one, it must be mindful of the provision of the Seventh Amendment to the United States Constitution which guarantees "the right of trial by jury." [12]

20.   The court's decision to award summary judgment compounds its earlier error in denying the plaintiff's original **Motion To Remand**.

21.   As the plaintiff argued at that time, it was improper for the defendant union - in collaboration with the defendant employer - to remove Mr. Preble's claims from a Massachusetts Superior Court, since at issue in a removal action are only the plaintiff's claims, not the defendant union's putative defenses or possible counterclaims.[13]

---

12.   As the plaintiff argued, "To the extent that the doctrine "original intent" is a matter of concern to anyone, this provision contained in an amendment in the Bill of Rights is as worthy of veneration as any other constitutional guarantee. Factual issues, which are susceptible to different interpretations by the finders of fact and which affect common legal and equitable remedies should remain within the province of the jury. *Perez-Serrano v. Deleon-Velez*, 868 F.2d 30 (1st Cir. 1989). See also *Santiago-Nagron v. Castro-Davilla*, 865 F.2d 431 (1st Cir. 1989)." See the **Plaintiff's Memorandum In Opposition To The Defendant's Motion For Summary Judgment**, at footnote 6.

13.   *Therein v. Hamilton*, 881 F.Supp. 76, 78 (D. Mass. 1995) ("The Supreme Court has made clear that, when determining if a case has been properly removed, a court must inquire 'whether the plaintiff's **claim to relief** rests upon a federal right, and the court is to look only to plaintiff's complaint to find the answer."

It is also important to emphasize that, in this action, the plaintiff did not invoke federal subject-matter jurisdiction; nor did he assert or even allude to cognate federal claims for violations of the ADEA, 29 U.S.C. § 621-et seq., or the Americans With Disabilities Act, 29 U.S.C. § 1630.4(f).

Only the defendant union - relying upon an insubstantial and tortured affirmative defense which assets that the plaintiff's claim, in fact, is really a breach of duty of fair representation claim in disguise - purported to invoke federal subject-matter under 29 U.S.C. § 159(a).

As also argued earlier, but unsuccessfully, it is settled that the burden of
(continued...)

9

22. The Court's denial of that **Motion to Remand,** in the light of the Court's subsequent **Memorandum Of Decision,** becomes even more disturbing, given the fact that the Court's dismissal of all of Mr. Preble's claims against the union was based solely upon the erroneous conclusion that "Because plaintiff's discrimination and retaliation claims against Viacom have failed, his claims against the Union must similarly fail."[14]

23. The cursory and cavalier analysis of the plaintiff's claims in this case suggests that the Massachusetts Superior Courts continue to provide a less hostile, and more even-handed, forum for the adjudication of employment discrimination suits when they are brought solely under M.G.L. c. 151B, as here, and do not invoke any federal claims for relief.

24. Sadly, the plaintiff's claims have been given short-shrift by this Court.

25. Because of the Court's inattentiveness to the evidence and to the controlling case law, a perception has been created that justice has been less than even-handed in this matter.

---

13. (...continued)
showing that removal is proper is upon the defendant which seeks removal. .*Hunneman Real Estate Corp. v. Eastern Middlesex Ass'n of Realtors, Inc.*, 860 F.Supp. 906, 911 (D.Mass. 1994). In addition, "[r]emoval statutes are strictly construed with doubts resolved in favor of state court jurisdiction." *Chin v. Holiday Cruises II, Inc.,* 141 F.R.D. 367, 369 (D.Mass. 1992).

14. **Memorandum**, at page 5.

10

26.    Mr. Preble's claims and the evidence which he has marshalled in support of those claims deserve to be adjudicated under Massachusetts law in a Superior Court.

27.    A Superior Court is more likely to defer to the teachings of our Supreme Judicial Court and to construe those teachings more carefully; it is also less likely to be confused by the increasing complexity of the case law and hostility toward discrimination claims of plaintiffs which have been evidenced by federal courts since the onset of the Reagan era.

WHEREFORE, for all of the above reasons, the Court should reconsider its decision to award summary judgment to the defendants, vacate its judgment and remand this case for disposition to Suffolk Superior Court.

    Respectfully submitted,

    WALTER S. PREBLE

    By his attorney,

    /s/ Paul L. Nevins

    Paul L. Nevins
    BBO # 369930
    47 Church Street
    Wellesley, MA 02482
    (781) 237-9018

11

**Certificate of Service**

The undersigned hereby certifies that, on September 16, 2005, he served a true copy of the foregoing upon all parties by causing it to be sent electronically and, via first class mail, postage prepaid, to:

>Michael A. Feinberg, Esquire
>Jonathan M. Conti, Esquire
>**Feinberg, Campbell & Zack, P.C.**
>177 Milk Street
>Boston, MA 02109

and:

>Mark W. Batten, Esquire
>**Proskauer Rose LLP**
>One International Place
>Boston, MA 02110

>    /s/ Paul L. Nevins
>Paul L. Nevins