UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WALTER S. PREBLE,<br><br>                    Plaintiff,<br><br>          v.<br><br>TRANSPORTATION DISPLAYS, INC.,<br>d/b/a VIACOM OUTDOOR, and<br>PAINTERS AND ALLIED TRADES<br>DISTRICT COUNCIL 35, IUPAT,<br>AFL-CIO,<br><br>                    Defendants. | Civil Action No. 04-11005-RWZ |

**DEFENDANT TRANSPORTATION DISPLAYS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant Transportation Displays, Inc., d/b/a Viacom Outdoor ("TDI") respectfully opposes plaintiff Walter Preble's motion for reconsideration of the Court's decision on summary judgment.

Apart from Preble's spluttering invective against the federal courts in general and his strikingly acerbic attacks on this Court, his motion for reconsideration offers little that is new. For the most part, he simply reiterates that he was the second oldest employee in the shop, suffered from health problems of which TDI was aware, and that no *written* work rule prohibited his driving his truck off-route. Motion at ¶¶11-13.[1] As he did in his summary judgment brief, however, Preble leaps from these unremarkable facts to insist that a jury might find all sorts of prohibited motivations in TDI's decision to

---

[1] Preble's reference to the lack of a "written" work rule is an effort to sidestep the undisputed evidence that Preble's supervisor instructed him not to take his truck off route, and that he did so anyway.

/- Current/7465997v1

terminate him.  Id. at 14-18.  The law imposes more of a hurdle than Preble is willing to admit.

First, and most obviously, Preble has nothing at all to say about the Court's rejection of his handicap discrimination claim.  The Court held that Preble's diabetes and heart condition do not constitute a "handicap" under Massachusetts law, because they did not "substantially limit" any "major life activity" as required by the Massachusetts statute.  Mass. Gen. L. c. 151B, §1(17).[2]  That conclusion was overwhelmingly supported by the evidence; indeed the relevant evidence came from Preble himself.  As explained in Part A of TDI's summary judgment brief, Preble admitted that the two conditions did not affect his ability to work and required only the most minor modifications to his daily routine.  Those admissions ineluctably bar Preble's handicap discrimination claim.  The Court correctly so held, and Preble does not respond to that holding.

Preble similarly has nothing to say about the Court's rejection of Count 4, the retaliation claim, which failed because TDI took no adverse action against Preble after he engaged in the protected activity of filing a claim at the Massachusetts Commission Against Discrimination.

As to TDI, that leaves the age discrimination claim in Counts 1 and 2 of the Complaint.  Preble expresses outrage that the Court found a failure of the prima facie case, but the Court's conclusion was sound.  The Court points out

---

[2] Preble's suggestion (Motion, ¶8) that the Court applied federal rather than state law to his handicap discrimination claim has no merit, since the law on the relevant points is identical.  See, e.g., Dube v. Middlesex Corp., 59 Mass. App. Ct. 734, 737 (2003) (adopting federal test concerning definition of "handicapped" employee); Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 129-30 (1997) (adopting federal test concerning "similarly situated" employees).

that Preble's case failed on the critical requirement that he have been treated less favorably than similarly-situated younger employees. Memorandum of Decision at 2-3. There was no evidence of such differential treatment, as was extensively argued in TDI's brief. Preble was fired after repeated problems: two collisions, two instances of aggressive driving, and persistently driving home for lunch despite admitted instructions (albeit oral) not to do so. The evidence was undisputed that TDI's response was graduated and temperate: no discipline at all for the first two incidents, an oral warning after the third incident that further problems would result in termination, then a week-long suspension, and finally termination.[3] Not one of the younger employees to whom Preble compared himself in his affidavits and exhibits had a similarly poor record, and the undisputed evidence, presented by Preble himself, was that TDI had responded to their missteps with the same progressive approach to discipline imposed on Preble.

Whether characterized as a failure of the prima facie case, as in the Court's decision, or as a lack of sufficient evidence for a reasonable jury to find pretext, the result is the same. Preble has no claim for age discrimination, because there is nothing to suggest that age played a role in the way the company responded to his behavior. Preble himself, when asked why he thought age was the motivating factor, testified that he "do[esn't] know any other reason" for termination, and admitted that he has no reason to believe

---

[3] Preble never disputed that any of the incidents for which he was disciplined occurred; he simply felt that he knew better about how the company should respond. Most blatantly, when asked about his defiance of his supervisor's instruction not to take his truck home for lunch, Preble testified: "I don't think anybody has the right to tell you where to eat." Preble Deposition at 95. He is entitled to that opinion, but TDI is equally entitled not to employ someone so flatly insubordinate.

that his supervisor, who is older than he, harbored a bias against older workers. Preble Dep. at 98. The Court's decision was thoroughly supported by the undisputed evidence, and Preble's mere suggestion that a jury might find something nefarious falls far short of the material factual dispute required to overcome summary judgment.

Finally, as the excuse for a polemic against the federal courts' alleged insensitivity to discrimination plaintiffs, Preble revisits the long-ago decision that this Court has subject-matter jurisdiction. But Preble's argument – that a federal question must be found in the complaint and not in the defendant's response – is precisely the argument that he made the first time around. The Court rejected that position because Preble's claims against his union necessarily implicated federal-law concerns, even if Preble attempted a narrower focus on discrimination. For the reasons explained in TDI's opposition to the motion to remand, Preble's objection to removal has no merit. This Court had jurisdiction over the case and decided it in accordance with the law and the undisputed evidence.

## CONCLUSION

For all of the foregoing reasons, plaintiff's motion for reconsideration of the Court's summary judgment decision should be denied.

Respectfully submitted,

TRANSPORTATION DISPLAYS, INC.

By its attorneys,

/s/ Mark W. Batten_____
Mark W. Batten, BBO #566211
PROSKAUER ROSE LLP
One International Place, 14th Floor
Boston, MA 02110
(617) 526-9850

Dated: September 22, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record, either through the electronic filing process or by first-class mail, postage prepaid, this 22nd day of September, 2005.

/s/Mark W. Batten_____
Mark W. Batten