UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
WALTER S. PREBLE,                )
                                 )
        Plaintiff,                )
                                 )
v.                               )   C.A. No. 04-cv-11005 RWZ
                                 )
TRANSPORTATION DISPLAYS,         )
INCORPORATED, dba                )
VIACOM OUTDOOR, and              )
PAINTERS AND ALLIED              )
TRADES DISTRICT COUNCIL 35,      )
IUPAT, AFL-CIO,                  )
                                 )
        Defendants.               )
_____)

### DEFENDANT PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 35'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant Painters and Allied Trades District Council No. 35 hereby files its Opposition to Plaintiff's Motion for Reconsideration. As Plaintiff fails to introduce any new evidence not previously available, cites to no intervening change in controlling law, and presents no clear error of law or fact in the Court's decisions to Deny Plaintiff's Motion to Remand and to grant Defendant Union's Motion for Summary Judgment, Plaintiff's Motion for Reconsideration must be denied in its entirety.

I.  **Standard of Review**

Motions for reconsideration are generally considered under Fed.R.Civ.P. 59 or Rule 60. *Jiminez v. Altieri*, 2005 U.S. Dist. LEXIS 13840 (D. P.R.) (May 24, 2005) at [*18]. Regardless of whether the motion is served under Rule 59 or Rule 60, however, "a

motion for reconsideration cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court. *Id.*

> Rule 59(e) motions are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions [**13] under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence. They may not be used to argue a new legal theory.

*Federal Deposit Ins. Corp. v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992). Thus, neither Rule 59 nor Rule 60 motions may be used "by the losing party 'to repeat old arguments previously considered and rejected.'" *Jiminez v. Altieri*, 2005 U.S. Dist. LEXIS 13840 (D. P.R.) (May 24, 2005) at [*19], quoting *National Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990).

Furthermore, "as a general rule, motions for reconsideration should only be exceptionally granted." *Jiminez v. Altieri*, 2005 U.S. Dist. LEXIS 13840 at [*21]. Motions for reconsideration should be granted only in exceptional situations for four essential reasons:

> First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited. Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions. Third, broad interpretation of motions for reconsideration is not supported by controlling precedent. And last but not least, reconsideration of dispositive decisions . . . hinders the court's ability to decide motions awaiting resolution that have yet to be reviewed once, let alone twice.

*Jiminez v. Altieri*, 2005 U.S. Dist. LEXIS 13840 at [*22], quoting *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Penn. 1998). "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." *Id.* at 238.

Thus, a motion for reconsideration may be granted in one of only three situations: "1) the availability of new evidence not previously available; 2) an intervening change in controlling law, or 3) the need to correct a clear error of law or to prevent manifest injustice." *Jiminez v. Altieri*, 2005 U.S. Dist. LEXIS 13840 at [*23], citing *Dodge v. Susquehanna University*, 796 F. Supp. 829, 830 (M.D.Pa. 1992).

II.   **The Court Properly Denied Plaintiff's Motion to Remand**

In his Motion for Reconsideration, Walter Preble states that the Court erred in denying the plaintiff's original Motion to Remand. (Plaintiff's Motion to Reconsider at ¶ 20). As grounds for its Motion, Plaintiff asserts:

> ***As the plaintiff argued at that time***, it was improper for the defendant union- in collaboration with the defendant employer- to remove Mr. Preble's claims from a Massachusetts Superior Court, since at issue in a removal action are only the plaintiff's claims, not the defendant union's putative defenses or possible counterclaims. (Plaintiff's Motion to Reconsider at ¶21).

Thus, Plaintiff simply re-states the argument that the Court rejected when it originally denied Plaintiff's Motion to Remand. Rule 59(e) motions are not appropriate "'to repeat old arguments previously considered and rejected.'" *Jiminez v. Altieri*, 2005 U.S. Dist. LEXIS 13840 at [*24], quoting *Trabal Hernandez v. Sealand Services, Inc.*, 230 F.Supp.2d 258, 259 (D.P.R. 2002).

Plaintiff alleges that in determining whether removal is proper, a court must only look to the plaintiff's complaint to find the answer, quoting *Therein v. Hamilton*, 881 F.Supp. 76, 78 (D.Mass. 1995). (Plaintiff's Motion to Remand at ¶ 21, n. 13). Plaintiff then argues that he never asserted or alluded to any federal claims, but rather that it was the union, "through an affirmative defense", that "twisted" his claims into a claim for the breach of the duty of fair representation. Ironically, *Therein v. Hamilton*, cited by

Plaintiff in support of his rehashed argument, actually supports Defendant Union's position, as the Court also held: "Removal is proper 'where the real nature of the claim asserted in the complaint is federal, **whether or not so characterized by the Plaintiff.**'" *Therein v. Hamilton*, 881 F.Supp. at 81. (emphasis added). The *Therein* Court also cited to *James v. Bellotti*, 733 F.2d 989, 992 (1st Cir. 1984), for additional support of this position that the form of the Plaintiff's pleading is not dispositive as to whether a claim is federal in nature:

> The elements of a federal claim need not be explicitly and comprehensively recited, and there is nothing to prevent a Court from 'engaging in a little statutory logic' to deduce elements implicit on the face of the complaint.

*Therein v. Hamilton*, 881 F.Supp. at 81.

The Court then concluded that "*the artful pleading doctrine enables a court to view the underlying nature of a plaintiff's complaint when he has improperly endeavored to defeat removal by pleading what is, in fact, a federal cause of action disguised as a state claim.*" *Id.* (emphasis added).

As Plaintiff's charges of age discrimination, disability discrimination, and retaliation are all based upon the Union's handling of the Plaintiff's discharge grievance, Plaintiff's complaint amounts to a charge that the District Council breached its duty of fair representation. Accordingly, as Plaintiff also asserts that Transportation Displays, Incorporated breached the collective bargaining agreement when it discharged him, Plaintiff asserts a "hybrid" claim governed by §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

Section 301 of the LMRA, 29 U.S.C. §185, confers federal jurisdiction over "suits for violation of contracts between an employer and a labor organization representing

employees in an industry affecting commerce." This action is therefore of a civil nature of which the District Courts of the United States have original jurisdiction under 29 U.S.C. §1337. *See Avco Corp. v. Aero Lodge No. 735, Int'l. Ass'n. of Machinists and Aerospace Workers*, 390 U.S. 557 (1968) (where the Supreme Court found that an action arising under §301 is properly removed to the United States District Court pursuant to 28 U.S.C. §1441.).

In the alternative, Plaintiff's claim amounts to a breach of the duty of fair representation pursuant to Section 9(A) of the National Labor Relations Act, 29 U.S.C. §159(a). "[Duty of fair representation] preemption operates in much the same fashion as Section 301 preemption." *BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America*, 132 F.3d 824, 830 (1st Cir. 1997). A complaint that alleges a duty of fair representation claim alleges a breach by the Union of a duty grounded in federal statutes and is therefore governed by federal law. *Id.* Thus, "state law is preempted whenever a plaintiff's claim invokes rights derived from a union's duty of fair representation." *Id.*

The fact that Plaintiff couched his allegations solely in terms of state law does not change the essence of Plaintiff's claim- namely, that the District Council breached its duty of fair representation with respect to the manner in which it handled his discharge grievance. "Because federal law completely governs the duties owed by an exclusive collective bargaining representative to those within the bargaining unit . . . a district court possesses federal question jurisdiction when a complaint, though garbed in state-law raiment, sufficiently asserts a claim implicating the duty of fair representation." *BIW*

*Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America*, 132 F.3d 824, 830 (1st Cir. 1997) (explaining the "artful pleading rule").

As Plaintiff presents no new evidence and cites no change in the law concerning this matter, his Motion for Reconsideration of the Court's decision denying his Motion to Remand is nothing more than a restatement of arguments already rejected by the Court.

### III. The Court Correctly Granted the Defendant Union's Motion for Summary Judgment.

With respect to the Plaintiff's objections to the Court's granting of the Union's Motion for Summary Judgment, his only argument, unsupported by case law, is that the dismissal of his claims against the Union "was based on the erroneous conclusion that 'because plaintiff's discrimination and retaliation claims against Viacom have failed, his claims against the Union must similarly fail.'" (Plaintiff's Motion to Reconsider at ¶ 22).

First, as evidenced by the fact that the Court denied Plaintiff's Motion to Remand, the Plaintiff's claims against the Union are, in actuality, claims that the Union breached its duty of fair representation in the way it handled Mr. Preble's discharge grievance. Plaintiff essentially filed a "hybrid" Section 301 action under the Labor Management Relations Act; namely, Plaintiff alleges that the Company discharged Plaintiff for discriminatory reasons, and that the Union, in not pursuing a grievance over the allegedly discriminatory discharge, breached its duty of fair representation. See: *Mulvihill v. The Top-Flite Golf Company*, 335 F.3d 15, 18-19 (1st Cir. 2003) (the two causes of action in a hybrid section 301 action are "inextricably intertwined . . . In order to prevail against either defendant, the employee must establish that the employer breached [the collective bargaining agreement]).

6

In such a situation, if it is shown that the Company did not violate the collective bargaining agreement (or here, discriminate against Mr. Preble), and his discharge was therefore not unlawful, then there can be no violation of the Union's duty of fair representation. If the act the Union was supposed to protest in arbitration on behalf of the aggrieved member (in this case, Preble's termination), is not found by the Court to have been unlawful, then the Union's decision not to arbitrate over the company's lawful action is not a breach of its duty of fair representation.

In any event, as more thoroughly detailed in Defendant Union's two Memorandums of Law in Support of its Motion for Summary Judgment, Plaintiff cannot establish that the Union breached its duty of fair representation. Plaintiff has no defense to the fact that his claim is preempted by either Section 301 of the Labor Management Relations Act,[1] or, in the alternative, by the duty of fair representation derived from Sections 9(a) and 8(b) of the National Labor Relations Act, 29 U.S.C. §159(a) and §158(b). See: *Lemerich v. Int'l Union of Operating Engineers, Locals 877 and 4*, 2002 U.S. Dist. LEXIS 7102 (D. Me.) (April 19, 2002) at [*19] (If the underlying substance of the plaintiff's claim for discrimination is that the union breached this duty of fair representation by discriminating against the plaintiff, then the state law claims create no new rights and are subsumed and preempted by the duty of fair representation under the National Labor Relations Act).

Regardless of whether Plaintiff's claims are preempted by Section 301 or by the duty of fair representation derived from Sections 9(a) and 8(b) of the National Labor

---

[1] See: *Wilhelm v. Sunrise Northeast, Inc.*, 923 F.Supp. 330 (D.Conn. 1995) (alleged state law discrimination claim preempted by Section 301 where collective bargaining agreement had a "just cause" for discharge provision and a grievance and arbitration procedure).

Relations Act, in either case the Plaintiff's claims are barred by the six-month statute of limitations. *Madison v. Motion Picture Set Painters and Sign Writers Local 729*, 132 F. Supp.2d 1244 (C.D. Cal. 2000); *Cantrell v. International Brotherhood of Electrical Workers, Local 2021*, 32 F.3d 465, 467 (10th Cir. 1994).

Moreover, Plaintiff cannot establish that the Union, in electing not to pursue his grievance to arbitration, acted in an arbitrary or discriminatory manner, or in bad faith. Rather, the evidence establishes that Union Business Agent Charles Fogell came to the conclusion that the Union would not be successful at arbitration, and should not pursue the grievance to arbitration, only after he conducted an exhaustive investigation of the circumstances surrounding the discharge; reviewed Preble's disciplinary history; corroborated the Company's version of events regarding previous warnings by interviewing fellow bargaining unit employees; and took into consideration Preble's all or nothing demands in terms of remedy.

## IV. Conclusion

For all of the foregoing reasons, and on the record as a whole, the Court should deny Plaintiff's Motion for Reconsideration in its entirety.

    Respectfully submitted,

    Defendant Painters and Allied Trades
    District Council No. 35
    By its Attorneys,

    /s/ Jonathan M. Conti
    Jonathan M. Conti (BBO # 657163)
    FEINBERG, CAMPBELL & ZACK, P.C.
    177 Milk Street
    Boston, MA 02109
    (617) 338-1976

Dated this 23rd day of September, 2005.

## CERTIFICATE OF SERVICE

  I, Jonathan M. Conti, attorney for the Plaintiff, hereby certify that on this day I mailed a copy of the within document by first class mail, postage prepaid, to Paul L. Nevins, Esq., 47 Church Street, Wellesley, MA 02482, and to Mark W. Batten, Esq., Proskauer Rose LLP, One International Place, Boston, MA 02110.

Dated this 23rd day of September, 2005.  /s/ Jonathan M. Conti
                    Jonathan M. Conti