**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 04-11005-RWZ**

| | |
|---|---|
| WALTER S. PREBLE, | ) |
|   Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| TRANSPORTATION DISPLAYS, INC. | ) |
| d/b/a VIACOM OUTDOOR, and | ) |
| PAINTERS AND ALLIED TRADES | ) |
| DISTRICT 35, IUPAT, AFL-CIO, | ) |
|   Defendants | ) |

**THE PLAINTIFF'S REPLY TO TRANSPORTATION DISPLAYS'**
**OPPOSITION TO HIS MOTION TO RECONSIDER, VACATE AND REMAND**

The defendant employer, in its opposition to the plaintiff's motion for reconsideration, argued that the Court's rejection of Preble's handicap discrimination claim was required by M.G.L. c. 151B, §1(17)[1] and it denied that Massachusetts jurisprudence diverged from federal jurisprudence on the questions of whether Preble's heart disease and diabetes must be viewed as "handicaps" which "substantially limit" any "major life activity. Both arguments are without merit:

1.  The uncontroverted evidence shows that Walter Preble suffers from heart disease and diabetes and that his employer was aware of both conditions.

---

1. It is telling that the defendant invoked the generic definition of a handicap rather than M.G.L. c. 151B, § 4 which provides, in part, that is shall be unlawful, "For any employer, personally or through an agent, to dismiss from employment or otherwise discriminate against, because of his handicap, any person alleging to be a qualified handicapped person, capable of performing the essential functions of the position with *reasonable accommodation*...."

2

2. In his affidavit, Preble stated:

"...

"13. During the morning of December 11, 2001, my co-worker and I worked at the Dudley Street MBTA Garage in Roxbury and at the Cabot Street Garage.
"14. Around lunch time, I dropped my partner off at the MBTA's Albany Street Garage, where he began to install signs on the buses.
"15. I agreed, after lunch, to return to the Cabot Street Garage in South Boston to check whether any additional buses were now parked there, and that I would to return to Albany Street to work with my partner until the end of the work day at 4:00 P.M.
"16. After I dropped my partner off at the Albany Street Garage, I drove to my house at 589 East Fifth Street in South Boston to eat lunch and to check my blood-sugar levels.
"17. My residence is about one mile from the Cabot Street Garage.
"18. Because of my diabetes, I try to avoid foods which exacerbate my condition and I check my blood-sugar levels daily...."

3. The uncontroverted evidence also shows that, because he took the company-assigned van [which he was required to drive] home during his unpaid lunch break because of his concerns about his diabetes and heart disease, he was discharged from employment.

4. Contrary to the case law which the defendant's invoked and this Court's citation to *City of New Bedford v. MCAD*,[2] the Supreme Judicial Court has repeatedly rejected federal jurisprudence on issues of disability discrimination as decided under Massachusetts anti-discrimination law.

---

2.   440 Mass. 450.

3

5.      In the seminal case of *Dahill v. Police Department of Boston*,[3] the Supreme Judicial Court took issue with the holding of the Supreme Court's decision in *Sutton v. United Airlines, Inc.*[4] and noted that, in contrast to more narrow federal case law, the Massachusetts legislature "has directed that the provisions of G.L. c. 151B 'shall be construed liberally' for the accomplishment of the remedial purposes of the statute...."[5]

6.      In its unanimous decision, the SJC held that "the public policies underlying G.L. c, 151B, § 4(16), are clear: to protect 'handicapped individuals' from deprivations based on prejudiced stereotypes or ungrounded fear, while giving appropriate weight to such employers as avoiding exposing others to significant health and safety risks...." [6]

7.      The Supreme Court also noted in *Dahill* that employees with the exact same kinds of disabilities which this Court found unavailing in Walter Preble's case would entitle those employees to a reasonable accommodation based upon their

---

3.      434 Mass. 233, 748 N.E. 2d 956, 2001 Mass. LEXIS 222 (2001). *Dahill* was a case which was decided as a result of a certification from the United States District Court of Massachusetts, pursuant to S.J. C. Rule 1:03. The question certified  concerned the definition of the term "handicap" under M.G.L. c. 151B, viz.,  "Whether Massachusetts General Laws ch. 151B requires consideration of mitigating or corrective devices in determining whether a person has a handicap?" The Supreme Judicial Court answered the certified question, "No."

4.      527 U.S. 471, 144 L.Ed. 2d 450, 119 S.Ct. 2139 (1999).

5.      *Dahill*, at 240.

6.      *Dahill*, at 240

4

status as qualified, handicapped individuals:

> "Employees with diabetes, epilepsy, or heart disease, for example, may be able to control their impairments, but to do so, they may require an adjusted work schedule to take occasional time off from work to attend doctors' appointments, take medication, or receive therapy or testing." [7]

WHEREFORE, the plaintiff again urges the Court to reconsider its grant of summary judgment which was based upon an improper and impermissibly narrow interpretation of M.G.L. c. 151B and its remedial provisions, vacate its judgment and remand this case for disposition to Suffolk Superior Court.

Respectfully submitted,

WALTER S. PREBLE

By his attorney,

Paul L. Nevins
BBO # 369930
47 Church Street
Wellesley, MA 02482
(781) 237-9018

---

7.   *Dahill*, at 240, n 10.

5

**Certificate of Service**

      The undersigned hereby certifies that, on October 5, 2005, he served a true copy of the foregoing upon all parties by causing the copies sent electronically and to be deposited in the United States Mail postage prepaid, addressed to:

           Michael A. Feinberg, Esquire
           Jonathan M. Conti, Esquire
        Feinberg, Campbell & Zack, P.C.
               177 Milk Street
              Boston, MA 02109

and:

            Mark W. Batten, Esquire
            **Proskauer Rose LLP**
           One International Place
             Boston, MA 02110

             /s/ Paul L. Nevins
           _____
              Paul L. Nevins